**Ex parte Rickey Lee WEST.**

**No. 19464.**

Court of Civil Appeals of Texas, Dallas.

Nov. 17, 1977.

Kenneth D. Fuller, Garland, for appellant.

Charles H. Awalt, Dallas, for appellee.

GUITTARD, Chief Justice.

This application for writ of habeas corpus raises the question of whether the new family district courts have jurisdiction to enforce by contempt proceedings the orders of the domestic relations courts which they replace. We hold that they do have such jurisdiction.

The question arises under the Family District Court Act, Tex.Laws 1977, ch. 859 at 2144. This Act "substitutes district courts of general jurisdiction, to be called family district courts, for the existing domestic relations and special juvenile courts." *Id.,* § 1.02(a). Among the new family district courts created by the Act is the 330th District Court, which "replaces the Court of Domestic Relations No. 4 of Dallas County." *Id.,* § 2.31. The former domestic relations and special juvenile courts are abolished by repeal of the acts creating them. *Id.,* § 3.04. With respect to pending cases, the Act provides:

Sec. 3.03 When a family district court is created:

(1) all cases pending in the replaced court are transferred to the family district court which replaces it; and

(2) all process and writs pending in or issued by the replaced court are transferred to the family district court which replaces it and are returnable to that family district court.

This act became effective September 1, 1977.

In the present case the record shows that on December 4, 1974 the Domestic Relations Court No. 4 of Dallas County ordered relator, Rickey Lee West, to make certain payments for the support of his child. On August 12, 1977 a motion for contempt was filed in that court, alleging that relator had willfully disobeyed the order and that certain payments were in arrears. On the same day the judge of the domestic relations court signed an order requiring relator to appear before the court on September 13, 1977, and show cause why he should not be held in contempt. We assume that notice of this order was promptly served on relator, although no copy of the notice of the return is in the record before us, since relator makes no complaint of lack of notice.

On September 1, 1977, under the provisions of the Family District Court Act, the Domestic Relations Court No. 4 was replaced by the 330th District Court. The motion for contempt was heard by the new court on October 25, and on that day the judge signed an order finding relator in contempt and ordering him to be confined in jail until he should purge himself of contempt by payment of the arrearage and an attorney's fee. He applied to this court for a writ of habeas corpus on the ground that the order of commitment was void because the 330th District Court had no authority to enforce by contempt the order of the Domestic Relations Court No. 4. We granted bail under the provisions of Tex. Rev.Civ.Stat.Ann. art. 1824a (Vernon Supp. 1976), heard arguments of counsel, and on November 7 announced our decision denying the writ and remanding relator to he custody of the sheriff. We now state the reasons for that decision.

Relator bases his argument on the general rule that one court has no authority to enforce by contempt the orders of another court. Alternatively, he argues that even if the family district court has jurisdiction to punish a contempt occurring after the effective date of the transfer of the case to that court by the terms of the Act, it had no jurisdiction to punish a contempt of the domestic relations court that occurred before the transfer. In support of these contentions, relator cites such cases as *Ex parte Gonzales,* 111 Tex. 399, 238 S.W. 635, 636 (1922); *Ex parte Depew,* 119 Tex. 63, 24 S.W.2d 813 (Tex.Comm.App.1930, judgment adopted); *Carlson v. Johnson,* 327 S.W.2d 704 (Tex.Civ.App.—Houston 1959, no writ).

We conclude that the authorities cited are not controlling because in each of those cases the court that issued the original or-

der still existed and could have enforced the order, whereas in this case the domestic relations court was abolished and "replaced" by the family district court. In this respect the intent of the legislature, though perhaps not expressed as explicitly as it might have been, is nevertheless reasonably clear, since § 3.03 of the Act provides not only for transfer of all pending cases to the family district court, but also provides that "all process and writs pending in or issued by the replaced court are transferred to the family district court which replaces it and are returnable to that family district court." This provision, by necessary implication, confers jurisdiction on the family district court to act upon all matters, including contempt matters, that were pending in the domestic relations court before the transfer.

Relator further contends that if the act is construed as authorizing the family district court to enforce the orders of the former domestic relations court, it is unconstitutional because such action would be beyond the powers conferred on district courts by the Texas Constitution, article 5, § 8. He refers particularly to that part of § 8 which provides that district courts "shall have power to issue writs of habeas corpus, mandamus, injunction and certiorari, and all writs necessary to enforce their jurisdiction." This language, he argues, restricts the contempt powers of the family district court to enforcement of its own orders.

We cannot accept this restrictive interpretation of the constitutional language. Appellant's argument assumes the main point at issue, that is, whether the family district court has jurisdiction to enforce the orders of the domestic relations court. If it has such jurisdiction, then, under the constitutional provision quoted, it has power to issue the necessary writs to enforce that jurisdiction. In our view other provisions of § 8 are broad enough to confer such jurisdiction on the district court. That section provides that such courts "shall have general original jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided by law or this Constitution, and such other jurisdiction,

original and appellate, as may be provided by law."

In view of this broad language, we do not think that the provision relied on by relator can properly be interpreted as restricting the power of the legislature to confer on the new family district courts full power to enforce the orders of the former domestic relations courts. If relator's view were adopted, no court would have jurisdiction of a proceeding to enforce by contempt the orders of the abolished domestic relations courts. Such a restrictive interpretation would be contrary to the express provision conferring on the district court jurisdiction "over all causes of action whatever for which a remedy or jurisdiction is not provided by law or this Constitution." Moreover, the general constitutional power conferred on the district court to exercise "such other jurisdiction, original and appellate, as may be provided by law," gives the legislature clear authority to extend the jurisdiction of the family district courts in this respect.

Writ of habeas corpus denied.