Joseph Beekman SAUMS II, Appellant,

v.

Janice Gay Saums SYNOGROUND, Appellee.

No. 6909.

Court of Civil Appeals of Texas, El Paso.

Aug. 26, 1980.

**374**

Law Offices of Bill Alexander, Larry Myrick, Odessa, for appellant.

E. F. Lohmann, III, Midland, for appellee.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is a suit to reduce unpaid child support to judgment. In the trial Court, Appellee, Janice Gay Saums Synoground, sued Appellant, Joseph Beekman Saums II, and recovered judgment for $8,200.00 unpaid child support plus $750.00 attorney's fees. We affirm.

■ Appellant contends that the 318th District Court of Midland County is without jurisdiction to enforce a support order of the 142nd District Court of Midland County, which rendered the divorce judgment and ordered the support payments. We overrule this contention.

This case has gone through three courts, not by transfer from one to the other but by one court succeeding to the jurisdiction of the other. In 1965, when this judgment was rendered, Midland County had only the 142nd Judicial District Court. Thereafter, the Domestic Relations Court of Midland County was created by the legislature, and it acquired from the 142nd District Court all domestic relations cases, including this case, under authority of Article 2338–20, sec. 7, Tex.Rev.Civ.Stat.Ann., effective August 30, 1965. Thereafter, under Article 1926a, sec. 2.19, Tex.Rev.Civ.Stat.Ann. (Supp.1965–1979), the 318th Judicial District Court of Midland County was created under the Family District Court Act. Under this Act, the 318th District Court "replace[d]" the Domestic Relations Court, and assumed jurisdiction of its cases. The 318th District Court, then, is not enforcing the order of another Court. By virtue of the chain of passing of jurisdiction, it is in effect enforcing its own decree. See: *Ex parte West*, 559 S.W.2d 674 (Tex.Civ.App.– Dallas 1977, no writ). Section 3.03 of the Family District Court Act specifically provides that all cases pending in the replaced court are transferred to the family district court which replaces it.

Article 14.09, Tex.Family Code Ann. (1975), provides for the enforcement of orders for child support, and its provision is that the court may render judgment

against the defaulting party for any amount unpaid. That was done in this case, and, as seen from the above, the 318th District Court had jurisdiction to reduce the unpaid child support to judgment. See: *Smith v. Bramhall,* 563 S.W.2d 238 (Tex. 1978).

 Appellant next asserts that the Court erred in awarding attorney's fees. Article 14.09(b) provides that a court may enforce an order for support as provided in Rule 308–A of the Tex.R.Civ.P. Rule 308–A provides that where there has been a disobedience of orders to pay child support, the court may appoint an attorney to represent the claimant, and, "[i]f the court shall be of the opinion that an attorney's fee shall be paid, the same shall be assessed against the party in default and collected as costs." It is held that this provision for attorney's fees is not limited to situations of appointed counsel but, also, applies in cases of retained counsel; and, it is held under the rule that the authority to allow attorney's fees against a person in default in paying child support is not dependent on whether the court actually holds such person in contempt but whether the person is in default. *Schwartz v. Jacob,* 394 S.W.2d 15 (Tex.Civ.App.–Houston 1965, writ ref'd n. r. e.). In the case at bar, the trial Court chose to do this, and there is evidence to support the award.

We overrule Appellant's point of error that the Court erred in awarding prejudgment interest in this case. The prejudgment interest is not for the years in which the child support became due but is, by the Court's judgment, from November, 1978, when the child became 18 years of age and the obligation ended. The judgment was February 7, 1979, so its period of prejudgment interest is rather short. Nevertheless, it is a valid point of contention. We overrule it under the holdings of the Supreme Court in *Republic National Bank of Dallas v. Northwest National Bank of Fort Worth,* 578 S.W.2d 109 (1978). The Court specifically said:

We hold that, under article 5069–1.03, prejudgment interest may be awarded

based on a prayer for general relief if the plaintiff pleads and proves a written contract ascertaining a sum payable on a date certain.

That was done in this case. Appellant and Appellee entered into a written contract providing for the support payments here sought. The Court specifically approved that contract in its judgment for divorce, and made an award of child support in keeping with the contract. Appellant specifically pled the contract and sought recovery under it. Having pled and proved a written contract ascertaining a sum payable on a date certain, Appellant was entitled to recover prejudgment interest even though she did not specifically plead for interest. In addition to a specific prayer for recovery of the sums due under the contract and for attorney fees and court costs, she also pled: "Movant prays also for general relief."

All points of error have been considered, and all are overruled. The judgment of the trial Court is affirmed.