Roy A. WALTZ, Appellant,

v.

Barbara Jean WALTZ, Appellee.

No. 01–88–00543–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 31, 1989.

D. Channing Bradshaw, Pasadena, for appellant.

David L. Thornton, Houston, for appellee.

Before EVANS, C.J., and MIRABAL and DUNN, JJ.

## OPINION

DUNN, Justice.

This is an appeal from a judgment for arrearages of child support and medical bills incurred in behalf of the minor children of the parties.

The trial court awarded appellee $795.05 in past due child support, $3,471.06 for medical expenses incurred up to March 31, 1987, and $2,910.17 for medical expenses from April 1, 1987 to February 19, 1988, the date of judgment. The trial court also ordered appellant to pay appellee $1,768.00 as reimbursement for one-half of an Internal Revenue Service tax refund check from a joint return filed for income received prior to the divorce.[1] The court assessed attorney's fees against the appellant in the amount of $4,623.00. Appellant's counterclaim for contempt for failure to permit court-ordered visitation was denied. Appellant filed a motion for new trial that was overruled by operation of law and perfected this appeal.

In his first point of error, appellant urges that the trial court erred in denying his motion to dismiss appellee's request for contempt and judgment. He argues that a similar motion for contempt and request for judgment for failure to pay medical bills had already been heard by the court. He urges that the dismissal of the previous contempt motion precludes appellee from seeking a money judgment because her original contempt pleading sought, in the alternative, a judgment for the same medical bills.

■ There is no record before this Court indicating that any action was taken with regard to appellee's request for judgment in the previous hearing on the similar contempt motion. There is nothing in the record aside from a docket entry stating "contempt dismissed." Further, we are unable to determine whether the trial court addressed appellee's original motion for judgment. Appellee filed a first amended original petition requesting judgment for arrearages in child support, medical bills

1. Appellee endorsed the refund check in exchange for a personal check from appellant in the amount of $1,768.00. Appellant then ordered payment stopped on the check.

expended in behalf of the minor children, and for collection of one-half of the federal tax refund. The burden is on appellant to see that a sufficient record is presented to show error requiring reversal. Tex.R. App.P. 50(d). Appellant has not demonstrated in the record that the trial court erred in overruling his objection.

Appellant's first point of error is overruled.

In his second and third points of error, appellant argues that the trial court erred in granting a judgment for medical bills because "the evidence failed to prove" that the bills were reasonable, necessary, and not paid by insurance as required by the decree of divorce. He further urges that the order in the divorce decree requiring payment of medical expenses is ambiguous, uncertain, and indefinite.

■ We assume appellant intends to challenge the factual sufficiency of the evidence to support the judgment. If this Court finds that the evidence is factually insufficient, we must reverse the judgment of the trial court and remand the cause for a new trial. *Glover v. Texas Gen. Indem. Co.,* 619 S.W.2d 400, 401–02 (Tex.1981).

The pertinent portion of the divorce decree reads as follows:

As additional child support, it is ORDERED and DECREED that ROY A. WALTZ shall pay all reasonable and necessary health care expenses not paid by insurance that are incurred by or on behalf of the parties' children, including, without limitation, medical, prescription drug, psychiatric, psychological, dental, and orthodontic charges.

■ The order of the court requires, as a prerequisite to receiving reimbursement for medical expenses incurred by the managing conservator in behalf of the minor children, that such expenses be "reasonable and necessary" and not paid by insurance. This requirement that the medical bills incurred be "reasonable" before any reimbursement can be made places a harsh burden of proof on the managing conservator. Notwithstanding, this is the order of the court.

There is probative evidence of medical bills incurred and what appellee actually paid out in medical expenses, but there is no evidence of probative force concerning the reasonableness thereof. Proof of the amounts charged, or paid, is insufficient to prove the medical expenses were reasonable. *American Central Ins. Co. v. Melton,* 389 S.W.2d 177, 180 (Tex.Civ.App.—Dallas 1965, writ ref'd n.r.e.). Although medical expense statements can be offered and admitted as evidence of actual expenses, such statements do not, in themselves, constitute evidence of the reasonableness of the expense. *Monsanto Co. v. Johnson,* 675 S.W.2d 305, 312 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.).

■ Mrs. Waltz testified that she paid a total of $3,471.00 in medical bills incurred on behalf of the minor children through March 31, 1987, and that additional medical expenses had been incurred since that date in the amount of $2,910.17. Copies of checks issued by Mrs. Waltz, medical statements listing medical services rendered on behalf of the children, the amount paid by insurance, and the balance due, were introduced into evidence in support of this testimony without objection from appellant. She testified on cross-examination that she waited until the insurance carrier paid according to the policy, then submitted the balance due to the appellant. She described the children's accidents, a son's broken ankle, another son's broken arm and a daughter's broken arm and shoulder, that required medical care and x-rays. Information regarding the nature of injuries is evidence of the necessity of treatment. *Dallas Ry. & Terminal v. Gossett,* 156 Tex. 252, 254, 294 S.W.2d 377, 382 (1956).

■ We find that there is sufficient evidence to support the implied finding that the medical expenses were necessary and that payments had been made by the insurance companies. However, the evidence is insufficient to show that the medical expenses were reasonable. Evidence from one with special expertise is required. We find that there was no probative evidence to support the reasonableness of the medi-

cal bills incurred in behalf of the minor children.

We find no merit in appellant's claim in his third point of error that the terms "reasonable," "necessary," and "not covered by insurance" are ambiguous. Appellant cites the case of *Ex parte Shelton*, 582 S.W.2d 637, 638, (Tex.Civ.App.—Dallas 1979, no writ), in support of his claim of ambiguity. The case cited involves a writ of habeas corpus in which the court held such language to be ambiguous and unenforceable by contempt. The court went further to say that questions of reasonableness and necessity needed to be litigated and determined before the obligation of the amount due to be paid can be established. The court specifically expressed no opinion as to the ambiguity of such terms contained in a decree in an action to enforce the obligation as a debt. Further, this Court has held language in a decree requiring payment of reasonable medical bills to be sufficiently definite to establish a basis for enforcement in an action on a judgment. *Robbins v. Robbins*, 601 S.W.2d 90, 93 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ).

In this case, appellee requested that the amount allegedly due and owing by appellant for the children's medical expenses be reduced to judgment. It is for the trier of fact to determine whether the health care expenses are reasonable and necessary and have not been previously paid by insurance after presentation of probative evidence. We find no ambiguity in these terms as used in the decree in this cause of action.

Appellant's second point of error is sustained, and his third point of error is overruled.

In points of error four and five, appellant contends that the court erred in awarding a judgment for attorney's fees because appellee's claims are covered by Tex.Civ.Prac. & Rem.Code Ann. sec. 38.002 (Vernon 1986), and appellee failed to comply with the presentment requirement of the statute.

The trial court has broad discretion to award attorney's fees in any enforcement proceeding. Tex.Fam.Code Ann. sec. 14.33(b) (Vernon 1986); *see Saums v. Synoground*, 605 S.W.2d 373, 375 (Tex. App.—El Paso, 1980 no writ). In this case, attorney's fees could have been awarded pursuant to Tex.Civ.Prac. & Rem.Code Ann. sec. 38.002 (appellee's suit based on contract involving the I.R.S. check), as well as under Tex.Fam.Code Ann. sec. 14.33(b).

The judgment, awarding appellee $4,623 for legal services, is general in nature and does not specify upon which section of the code the judgment for attorney's fees is based. Further, no point of error has been urged as to the sufficiency of the evidence to support the attorney's fees awarded. Therefore, since we have sustained appellant's point of error two, which could have supported attorney's fees under section 14.33(b), in the interest of justice, we will reverse that portion of the judgment awarding attorney's fees for further consideration by the court and will not address appellant's contention as to presentment requirements under sec. 38.-002.

Appellant's fourth and fifth points of error are sustained.

Because appellant did not bring a point of error addressing the court's award of $1,768 damages for the breach of contract arising out of the refund check dispute and the award of $795.05 in past due child support, those portions of the court's judgment are affirmed. That portion of the judgment awarding appellee damages for medical expenses incurred on behalf of the parties' minor children and attorney's fees is reversed, and the cause remanded.

The judgment of the trial court is affirmed in part and reversed and remanded in part consistent with this opinion.