In the Matter of the MARRIAGE OF Richard Wayne WILLIAMS and Glenda Ann Williams, and in the Interest of Georgia D'Ann Williams, a Child.

No. 07–98–0154–CV.

Court of Appeals of Texas, Amarillo.

Aug. 10, 1999.

Mitchell Williams, Lubbock, for appellant.

W. Calloway Huffaker, Tahoka, for appellee.

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

PHIL JOHNSON, Justice.

Appellant Richard Wayne Williams appeals from a judgment in favor of appellee Glenda Ann Williams awarding payment of orthodontic fees, dental fees, attorney's fees, and foreclosing a child support lien. We affirm.

## FACTUAL BACKGROUND

Appellant and appellee were divorced by decree signed September 9, 1991. The decree provided that appellant was to pay child support for the two children of the marriage. The decree also appointed appellee as managing conservator and appointed appellant as possessory conservator. Appellant subsequently filed a Motion to Modify the decree and appellee filed a Motion for Enforcement of Child Support Order by Contempt, to Confirm Arrearage, and Render Judgment and Provide Security. The two motions were the subject of an order signed April 7, 1993 (the 1993 order). The 1993 order, among other provisions not relevant to this appeal, (1) granted appellee judgment against appellant for child support arrearages; (2) ordered the arrearages to be reduced by monthly payments in addition to regular child support; (3) ordered appellee to maintain medical and health insurance coverage for the children of the marriage at her sole cost and expense; (4) provided that appellee, as managing conservator, had the sole right to make decisions to incur health care expenses; and (5) ordered appellant to pay "... all

health care expenses not paid by insurance that are incurred by or on behalf of the parties' children, including, without limitation, medical, prescription drug, psychiatric, psychological, dental and orthodontic charges."[1] The order recited that a hearing was held on December 15, 1992. The Order was "Approved" by attorneys for both parties and no appeal was taken.

In 1994 appellant filed another motion to modify and appellee filed another motion for enforcement of child support and to confirm arrearage and render judgment and security. On November 11, 1996, appellee filed a Notice of Child Support Lien with the Lynn County Clerk pursuant to TEX. FAM.CODE ANN. §§ 157.311–157.326 (Vernon 1997), followed by the filing of a Motion to Foreclose Child Support Lien on Non–Exempt Property of appellant. On November 25, 1997, the trial court heard the pending motions. The court then entered an order dated January 16, 1998 (the 1998 order), which forms the basis of this appeal. In the 1998 order, the court (1) confirmed arrearages still unpaid by appellant from the 1993 order in the amount of $1,014.71; (2) found that appellant failed to pay $2604.00 in health care expenses for the children which were not paid by insurance; (3) assessed $1,876.42 as attorney's fees against appellant and payable to appellee's attorneys; (4) found appellant in contempt for failure to pay child support previously ordered; (5) confirmed the validity of and granted foreclosure of the child support lien previously filed by appellee; and (6) ordered payment of the judgment amounts out of appellant's non-exempt money previously escrowed pursuant to agreed court order. The trial court did not enter findings of fact and conclusions of law.

---

1. The 1993 order required appellee to provide copies of all statements and bills for health care expenses to appellant, who was ordered to pay the statements and bills within five days of receipt. Appellant references this part of the 1993 order in his arguments under

issues one and three, but asserts no error related to his argument that appellee did not comply with the provision. Issues one and three assert, in substance, that the Family Code did not authorize the trial court to order payment of dental and orthodontic expenses.

Appellant urges five issues as the basis for relief from the 1998 order: (1) the Family Code [2] contained no provision authorizing the court to order appellant to pay dental and orthodontic expenses for the children; (2) there was no evidence of medical necessity for the dental and orthodontic charges adjudged against him; (3) the court had no authority to order the payment of dental and/or orthodontic charges as ordered in the 1993 order; (4) appellee did not comply with the Family Code in enforcing her child support lien; and (5) the trial court abused its discretion in allowing attorney's fees in the 1998 order for any period of time prior to the 1993 order.

ANALYSIS OF ISSUES PRESENTED

In issues one and three, appellant asserts that the Family Code did not have a provision authorizing the trial court to order payment of dental and orthodontic expenses of children as additional support, therefore the 1993 order was improper in ordering appellant to pay such expenses.[3] Appellee's response is that the 1993 order was agreed to by the parties, and was not challenged by appeal. Appellee additionally replies that dental and orthodontic expenses are appropriate subjects for exercise of the trial court's discretion in setting additional support requirements, and that in any event, such expenses are appropriately classified as health expenses under the Family Code. Appellee cites the case of *Crume v. Crume*, 768 S.W.2d 14 (Tex. App.—Fort Worth 1989, no writ) in support of her position. We conclude that appellant is foreclosed from questioning the provisions of the 1993 order because he did not appeal from the order and

appellant's assertions therefore amount to an impermissible collateral attack on the order.

■ The provisions of a judgment containing orders for future child support obligations must be attacked in the same manner as any other final judgment. *See In the Matter of the Marriage of Vogel*, 885 S.W.2d 648, 650 (Tex.App.—Amarillo 1994, writ denied). If the judgment is not challenged by timely direct appeal or writ of error, a bill of review becomes the exclusive method of vacating the judgment. *See id.* at 650–51; *see Davis v. Boone*, 786 S.W.2d 85, 87 (Tex.App.—San Antonio 1990, no writ). An attempt to avoid or seek relief from the provisions of a judgment in a proceeding not instituted for the purpose of correcting, modifying, or vacating the judgment is a collateral attack on the judgment. *Jones v. Jones*, 900 S.W.2d 786, 787–88 (Tex.App.—San Antonio 1995, writ denied). If a judgment is void, it is subject to collateral attack. *Heard v. State*, 146 Tex. 139, 204 S.W.2d 344, 346 (1947). If the judgment is not void, but merely erroneous or voidable, it is not subject to collateral attack. *Berry v. Berry*, 786 S.W.2d 672, 673 (Tex.1990); *see Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex.1987). A judgment is void only when the court rendering the judgment did not have (1) jurisdiction of the parties, (2) jurisdiction of the subject matter, (3) jurisdiction to enter the judgment, or (4) capacity to act as a court. *Id.* If a final judgment is based on erroneous holdings as to substantive law, it is not void, but merely voidable, and cannot be collaterally attacked. *Sho-*

---

**2.** Tex. Fam.Code Ann. (Vernon). The motion for enforcement which resulted in the 1998 order was filed October 5, 1994. All citations to the Family Code, therefore, will be to the statutes in effect on October 5, 1994, unless otherwise indicated.

**3.** Appellant also argues under issue one that appellee failed to offer proper proof of necessity of the dental and orthodontic bills he questions. We address that argument in our

disposition of appellant's issue number two. Further, appellant argues under issues one and three that the 1993 order required appellee to furnish copies of all statements and bills for health care expenses to appellant, and that she did not do so. We do not view such argument to support either issue one, issue three, or subsidiary issues fairly included in those issues. *See* Tex R.App. P. 38.1(e),(h).

728 ■

*berg v. Shoberg*, 830 S.W.2d 149, 152 (Tex. App.—Houston [14th Dist.] 1992, no writ).

■ The 1993 order was not attacked by direct appeal, writ of error, nor bill of review. The finality of the order is not questioned. The order was approved by the attorney representing appellant at the time it was entered. Appellant does not assert that the 1993 order is void. Instead, he attempts to avoid the effects of the order by claiming that the order to pay dental and orthodontic expenses was not properly based on law and was therefore erroneous. The 1993 order is not subject to such a collateral attack by appellant, even if appellant was correct in his position. *Id.; see Cook*, 733 S.W.2d at 140. Without addressing appellant's arguments that the Family Code did not authorize the trial court to order appellant to pay dental and orthodontic expenses we overrule appellant's issues one and three.

■ By his issue two, appellant asserts that no evidence supported a finding that there was medical necessity for the dental and/or orthodontic charges.[4] Appellee responds that the 1993 order did not require appellant to pay only those expenses which were "reasonable and necessary," and points out that appellant cites no authority for the claimed requirement of medical evidence of "necessity" before appellant can be required to pay the dental and orthodontic expenses being questioned. Further, appellee posits that her testimony concerning the nature of treatment rendered and her opinions that the treatment was necessary support the judgment.

Appellee cites the case of *Waltz v. Waltz*, 776 S.W.2d 320 (Tex.App.—Hous-

ton [1st Dist.] 1989, no writ) to support her position. In *Waltz*, the trial court awarded a money judgment in favor of Mrs. Waltz against Mr. Waltz. The judgment was, in part, for past due child support and medical expenses. The judgment was based on language in the divorce decree which ordered Mr. Waltz to pay "... all reasonable and necessary health care expenses not paid by insurance that are incurred by or on behalf of the parties' children, including, without limitation, medical, prescription drug, psychiatric, psychological, dental, and orthodontic charges." *Id.* at 322. Mr. Waltz contended on appeal that Mrs. Waltz failed to prove the reasonableness and necessity of the medical expenses. Citing *Dallas Ry. & Terminal v. Gossett*, 156 Tex. 252, 254, 294 S.W.2d 377, 382 (1956), the court held that Mrs. Waltz' testimony describing the children's injuries and the nature of the treatment provided for the injuries was evidence of necessity of the medical treatment. *Waltz*, 776 S.W.2d at 322. The court of appeals reversed, however, because there was no evidence that the medical expenses were reasonable in amount. The court did not reverse because of a general requirement that medical expenses incurred on behalf of the children must have been "reasonable and necessary" for recovery under the child support order, but rather because the divorce decree ordering Mr. Waltz to pay the expenses specifically ordered him to pay "all reasonable and necessary" expenses. *Id.* at 323.

Being guided by *Waltz*, we determine the proof requirements placed on appellee as well as the expenses appellant was required to pay by looking to the language of

---

**4.** Appellant also argues under this issue that the 1993 order did not authorize the charges in question and that Family Code section 154.182(c) limited the amount of expenses that appellant could be required to pay. The arguments are not germane to the issue. If they were germane, however, we would not find the arguments persuasive for the reasons we have expressed in overruling issues one and three. Furthermore, section 154.182(c) (Vernon Supp.1999) was added to the Family

Code in 1997. Its effective date was June 2, 1997. *See* Act of May 8, 1997, 75th Leg., R.S., ch.550, § 2, 1997, Tex. Gen. Laws 1923–4. The motions underlying the 1998 order were filed in 1994. Thus the cited section was not applicable to the 1998 order. In any event, the subsection cited applies to the situation set out in subsection 154.182(b)(5) which deals with children without health coverage available. Health coverage was available to the children in the instant case.

the 1993 order. The 1993 order required appellant to pay "... all health care expenses not paid by insurance that are incurred by or on behalf of the parties' children, including, without limitation, medical, prescription drug, psychiatric, psychological, dental and orthodontic charges." The 1993 order did not limit appellant's obligation to "medically reasonable and necessary" expenses. Nor did it require appellee to prove the expenses to have been medically reasonable and necessary. The order merely required that the expenses be incurred on behalf of the parties' children and not be paid by insurance. Appellant does not question either of these requirements having been met by the dental and orthodontic expenses. Appellant's second issue is an attempt to avoid the effects of the 1993 order. Thus, this issue is a collateral attack on the 1993 order, just as his issues one and three are collateral attacks on the order. Based on the authorities and for the reasons we stated in overruling issues one and three, we overrule issue two.

■ Appellant's issue number four asserts that appellee did not comply with the Family Code in enforcing her child support lien. His argument is twofold: (1) Family Code section 157.313 requires certain information to be contained in the lien notice, and (2) the lien notice filed by appellee was based on the April 7, 1993 judgment, therefore the notice could not create a child support lien because the contested dental and orthodontic charges had not been incurred at that time. Appellee replies that she has complied with all requirements for filing a child support lien. Also, appellee asserts that the Family Code provides that a child support payment not timely made constitutes a final judgment for the amount due and owing, and that a lien for any unpaid support arises by operation of law regardless of whether such amounts have been adjudicated or otherwise determined.

■ We construe appellant's issue to constitute a challenge to the legal and factual sufficiency of the trial court's findings. TEX.R.APP. P. 38.1(e). Being presented with legal and factual challenges, we first review the legal sufficiency of the evidence. *Glover v. Texas Gen. Indem. Co.,* 619 S.W.2d 400, 401 (Tex.1981). In reviewing legal sufficiency of the evidence on a matter for which the appellant did not have the burden of proof, the appellate court considers only the evidence and inferences that tend to support the finding, ignoring all evidence and inferences to the contrary. *Leitch v. Hornsby,* 935 S.W.2d 114, 118 (Tex.1996). If there is any evidence of probative force to support the finding, the point of error must be overruled. *Id.* In reviewing the factual sufficiency of the evidence, we must consider all the evidence and should set aside the judgment only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986).

■ When findings of fact are neither filed nor requested, the judgment of the trial court implies all necessary findings to support it. *IKB Industries v. Pro-Line Corp.,* 938 S.W.2d 440, 445 (Tex. 1997). However, when a reporter's record is a part of the record, the legal and factual sufficiency of the implied findings may be challenged on appeal the same as jury findings or a trial court's findings of fact. *Roberson v. Robinson,* 768 S.W.2d 280, 281 (Tex.1989). The applicable standard of review is the same as that applied in the review of jury findings or a trial court's findings of fact. *Id.* When implied findings by the trial court are supported by the evidence, the appellate court must uphold the judgment on any theory of law applicable to the case. *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990).

■ Generally, statutory liens can only be established by fulfilling the statutory requirements for the lien. *See First Nat. Bank in Graham v. Sledge,* 653 S.W.2d 283, 284 (Tex.1983); *Nye v. Moody,* 70 Tex. 434, 436, 8 S.W. 606, 607(1888). How-

ever, substantial compliance with the lien statutes is sufficient to claim the statutory lien rights. *First Nat. Bank in Graham,* 653 S.W.2d at 284; *First Nat. Bank of Claude v. Chaparral Elec. Supply Corp.,* 727 S.W.2d 353, 356 (Tex.App.—Amarillo 1987, no writ).

Section 157.313 of the Family Code prescribes the contents of the Notice of Child Support Lien. Section 157.316 provides that the lien is perfected when notice of the lien is filed with the county clerk as provided by Subchapter G of the Family Code. Section 157.318(a) establishes the duration of the lien to be until all current child support and child support arrearages, including interest, have been paid or the lien is released. Section 157.318(b) provides for the lien to secure payment of all child support arrearages owed by the obligor pursuant to the underlying support order, including arrearages that accrue after the determination of arrearages stated in the lien notice.

Appellee filed a Notice of Child Support Lien with the Lynn County Clerk on November 11, 1996. The notice of lien complied with the requirements appellant asserts should have been complied with. The trial court specifically found in its judgment that appellee filed the Notice of Child Support Lien in accordance with Subchapter G of the Texas Family Code. The court's judgment further found that the lien was valid and confirmed the lien. We conclude that the evidence is legally sufficient to support the trial court's findings that the Notice of Child Support Lien was properly filed and was valid. Reviewing all of the evidence, we also conclude that such findings of the trial court are not so against the overwhelming weight of the evidence as to be clearly wrong and unjust. We overrule appellant's fourth issue.

■ By his fifth issue, appellant asserts that the trial court erred in allowing attorney's fees for the period of time prior to April 7, 1993, which is the date that the underlying 1993 order was signed. Appellant argues that the case was sharply con-

tested, that no attorney fees had been awarded in prior proceedings, and that the trial court abused its discretion in awarding attorney's fees as well as arrearages. Appellant cites no authority for his position.

■ An appellate brief must contain a clear and concise argument for the contentions made with appropriate citations to authorities and to the record. TEX.R.APP. P. 38.1(h). Failure to cite authority on an issue waives that issue. *See Keim v. Anderson,* 943 S.W.2d 938, 941 (Tex. App.—El Paso 1997, no pet.). In any event, the standard of review for whether a trial court abused its discretion is whether the trial court acted without reference to any guiding rules and principles in making its decision. *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex.1991). Thus, we look to the Family Code for the guiding rules and principles governing the awarding of attorney's fees by the trial court in this matter.

■ The Family Code provides that if the trial court finds the respondent in a child support enforcement proceeding has failed to make child support payments, then the court shall order the respondent to pay the movant's reasonable attorney's fees and all court costs in addition to the arrearages. Act of July 20, 1987, 70th Leg., 2d C.S., ch. 73, § 7, 1987 Tex. Gen. Laws 229 (current version at TEX. FAM. CODE ANN. § 157.167 (Vernon 1996)). Absent a specific finding that the respondent need not pay attorney's fees, and the reasons supporting such a finding, it is mandatory that the court award attorney's fees to the movant. *Goudeau v. Marquez,* 830 S.W.2d 681, 682 (Tex.App.—Houston [1st Dist.] 1992, no writ). The trial court is also required to award reasonable attorney's fees under the Family Code whenever the court forecloses on a child support lien. *See* Act of July 26, 1991, 72nd Leg., 1st C.S., ch. 15, § 4.06, 1991 Tex. Gen. Laws 309 (current version at TEX. FAM. CODE ANN. § 157.323 (Vernon Supp.1999)).

The pleadings on which appellee went to trial did not claim any relief for the period

of time prior to April 7, 1993. Appellee claimed only that appellant failed to comply with the 1993 order by failing to pay the arrearages determined by the 1993 order and by failing to pay subsequent child support as ordered. Appellee claimed attorney's fees for bringing the enforcement action now on appeal. In awarding the attorney's fees, the trial court did not include any findings indicating that attorney's fees were awarded for any period before April 7, 1993. The January 16, 1998 order contained specific findings as to dates and child support arrearage amounts owed by appellant. The court included findings that appellant was in arrears as of the date the enforcement action was filed. Additionally, the trial court foreclosed the child support lien. The Family Code specifically provides for the awarding of attorney's fees. Further, the record does not support appellant's claim that attorney's fees were awarded for any period prior to April 7, 1993. We conclude that the trial court did not abuse its discretion by acting without reference to any guiding principles and rules in awarding attorney's fees against appellant. We overrule appellant's fifth issue.

The judgment of the trial court is affirmed.