NO. 07-02-0034-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 19, 2003

_____


WILLIE F. HENRY, APPELLANT

v.

SYLVIA J. HENRY, APPELLEE
_____

FROM THE 159TH DISTRICT COURT OF ANGELINA COUNTY;

NO. 34,359-01-06; HONORABLE PAUL E. WHITE, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Willie Frank Henry appeals from a divorce decree following a non-jury trial. On appeal, he contends the trial court erred by (1) awarding property to Sylvia Henry as separate property when there was not sufficient evidence to rebut the presumption the property was community property; (2) mischaracterizing community property assets leading to an unequal division of the marital estate; and (3) dividing community property in a disproportionate manner absent factors to support such a ruling. As the three issues deal

with whether the court was correct in its designation and division of marital property, they will be addressed together.

The parties were married on April 6, 1998. They ceased to live together on or about May 3, 1999. There were no children of the marriage. Appellant was incarcerated when appellee filed for divorce on the ground of insupportability on June 5, 2001. A final hearing was held September 27-28, 2001. Appellee was present and testified at the hearing. Appellant, still incarcerated, participated and testified by conference call on September 28. Neither party was represented by counsel during the divorce proceedings.

Appellee's petition alleged that, to her knowledge, there was no community property "of any significant value" except personal effects that had been divided to the satisfaction of the parties. Attached to a motion he filed with the trial court, appellant submitted a numbered list of twenty items he claimed to be community property of the marriage. During the hearing, the court and both parties referred to items on the list by number. The court referred to the items of property by number in his letter to the parties announcing his ruling following the hearing, and again in his final decree of divorce. The court also attached a copy of the list as an exhibit to the final decree.

On the list of items appellant submitted, he had assigned a value to each item. The trial court allowed each party to testify regarding the value of each item of property on the list and whether items should be classified as community or separate property. The testimony of the parties conflicted as to the value of individual items, when items had been

acquired and even whether items still, or ever had, existed. The only evidence presented to the trial court was the testimony of appellant and appellee.

The final decree awarded appellee all property, with the exception of a toolbox and tools that both sides agreed were the separate property of appellant. The assets awarded appellee included two residences which were community property, along with any indebtedness on the properties. One of the residences was a mobile home purchased for $60,000 on lots purchased for about $30,000. According to the testimony of appellee, the mobile home had been lost through foreclosure prior to the final hearing. She also testified that foreclosure proceedings were about to be initiated on the other residence, valued at $14,000.

Appellant does not assert that he was divested of any separate property by the trial court's judgment. He contends, though, that five items of community property, a television, living room furniture, bedroom furniture, a stove and a refrigerator, valued on his list at a combined value of $8,975, were mischaracterized by the trial court as the separate property of appellee, and that the mischaracterization of those assets lead to an unjustly unequal division of the community property.

At the outset, we note our disagreement with appellant's contention that the inclusion of the list of items as an exhibit to the divorce decree indicates that the trial court found all the items on the list to be in existence or found that any of the items had the values listed. We view the exhibit simply as the trial court's method of identifying the items

3

by their number on the list, in the same manner as the items were referred to by number during both parties' testimony.

Appellant's first issue presumes that the trial court found the five disputed items to have been appellee's separate property. Appellee argues that the final decree also can be construed simply as awarding the disputed items to her, thereafter to be her separate property. Although the language of the final decree is unclear, and appellee's reading of it is not unreasonable, for purposes of this opinion we will assume that appellant is correct that the trial court determined the five disputed items were appellee's separate property and not the community property of her marriage to appellant.

Neither party requested findings of facts and conclusions of law following the trial court's decision. In a non-jury trial, where no findings of fact or conclusions of law are filed or requested, it is implied that the trial court made all the necessary findings to support its judgment. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989). When, however, as here, a reporter's record is provided, the sufficiency of the evidence to support implied findings of fact may be challenged. *Id*.; *In re Williams*, 998 S.W. 2d 724, 729 (Tex.App.–Amarillo 1999, no pet.). A judgment based on implied findings that are supported by sufficient evidence is to be affirmed on any applicable theory of law. *See Point Lookout West, Inc. v. Whorton*, 742 S.W. 2d 277, 278 (Tex. 1987).

Community property consists of all property, other than separate property, acquired by either spouse during the marriage. Tex. Fam. Code Ann. § 3.002 (Vernon 1998). Property in the possession of either spouse during or on dissolution of marriage is

presumed to be community property. Tex. Fam. Code Ann. § 3.003(a). This presumption may be rebutted with clear and convincing evidence the property is separate property. Tex. Fam. Code Ann. § 3.003(b).

We construe appellant's first issue, in which he argues that appellee's testimony alone was not sufficient to rebut the presumption that the disputed items were community property, as a challenge to the factual sufficiency of the evidence. Clear and convincing evidence is that degree of proof sufficient to produce in the mind of the factfinder a firm belief or conviction as to the truth of the allegations sought to be established. Tex. Fam. Code Ann. § 101.007 (Vernon 2002). In considering appellant's factual sufficiency challenge, we consider all the evidence, *In re Williams*, 998 S.W. 2d at 729, and sustain his challenge if the trial court's finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.*; *Hill v. Hill*, 971 S.W. 2d 153, 158 (Tex.App.–Amarillo 1998, no pet.).[1]

In support of his argument, appellant cites *Tarver v. Tarver*, 394 S.W. 2d 780 (Tex. 1965), *McElwee v. McElwee*, 911 S.W. 2d 182 (Tex.App.–Houston [1st Dist.] 1995, writ denied) and *Mortenson v. Trammell*, 604 S.W. 2d 269 (Tex.App.–Corpus Christi 1980, writ

---

[1]Some courts of appeals have applied a more stringent standard of review in cases involving factual sufficiency of evidence to meet the "clear and convincing" burden of proof. *See*, *e.g.*, *In Interest of G.B.R.*, 953 S.W. 2d 391 (Tex.App.–El Paso 1997, no writ). We apply the traditional standard here, following this court's opinion in *Hill v. Hill*, 971 S.W. 2d 153, 158 (Tex.App.–Amarillo 1998, no pet.). We would affirm the trial court's finding concerning the separate property nature of the five disputed items, though, even under the more stringent standard of review, being unable to say that the trial court could not reasonably have found it to be established by clear and convincing evidence. *See G.B.R.*, 953 S.W. 2d at 396.

ref'd n.r.e.) for the proposition that some manner of tracing of the origin of the disputed items was required. Appellant's reliance on those cases is misplaced. Each of those cases involved efforts to identify the source of funds used for the acquisition of assets during a marriage. No issue requiring tracing is presented in this case.

Appellant testified that each of the five disputed items was acquired during the marriage. Appellee testified that she owned three of the five disputed items (the television and the bedroom and living room furniture) before her marriage to appellant. She also testified that appellant had sold the television. Her testimony about the stove and refrigerator was more ambivalent. She stated that both items were her separate property, and in the context of the trial court's questioning of her, it would not be unreasonable to construe the statement as one that she owned the items before the marriage. At another point, she stated that the stove and refrigerator were contained in the mobile home that was repossessed which, since that mobile home was acquired during the marriage, may suggest that the appliances were also. Appellant also testified that the refrigerator was located in the mobile home, but stated that the stove he was describing was located in the other residence. He asserted that both items should still be on hand. Although the clear and convincing evidence standard requires proof weighing heavier than merely the greater weight of the credible evidence, there is no requirement that the evidence be unequivocal or undisputed. *G.B.R.*, 953 S.W.2d at 396, *citing State v. Addington,* 588 S.W.2d 569, 570 (Tex. 1979). It was the task of the trial court to evaluate the credibility of the witnesses and resolve conflicts in testimony. On this record, we are unwilling to say a conclusion that the five disputed items were owned by appellee before the marriage and were therefore her

6

separate property is so contrary to the overwhelming weight of the evidence as to be clearly wrong.

Even if the trial court was guilty of mischaracterizing the community or separate property character of one or more of the disputed items, the mischaracterization did not necessarily have a significant effect on the division of the parties' community property. Appellee's testimony was to the effect that the five disputed items had minimal value, and to the effect that three of the five items were no longer available for division between them, having been sold or repossessed. The record supports a conclusion, then, that the effect of any mischaracterization of those assets was *de minimis*. *McElwee v. McElwee*, 911 S.W.2d at 189. We overrule appellant's first and second issues.

In a divorce decree, the trial court "shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." Tex. Fam. Code Ann. § 7.001. A trial court has broad discretion in making the division of community property, and its division is to be affirmed unless the court has abused its discretion. *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981); *see Schlueter v. Schlueter*, 975 S.W.2d 584, 589 (Tex. 1998). "In exercising its discretion the trial court may consider many factors and it is presumed that the trial court exercised its discretion properly." *Murff*, 615 S.W.2d at 698. The "just and right" division of the community estate need not be equal. *Schlueter*, 975 S.W.2d at 588; *Forgason v. Forgason*, 911 S.W.2d 893, 896 (Tex.App.–Amarillo 1995, writ denied).

7

A court may abuse its discretion by ruling arbitrarily, unreasonably or without reference to any guiding rules and principles, or without supporting evidence. *Bocquet v. Herring*, 972 S.W. 2d 19, 21 (Tex. 1998); *Morrow v. H.E.B., Inc.*, 714 S.W. 2d 297, 298 (Tex. 1986). When determining whether the court has abused its discretion, we must view the evidence in the light most favorable to the trial court's actions and indulge in every legal presumption in favor of the judgment. *Tucker v. Tucker*, 908 S.W.2d 530, 532 (Tex.App.–San Antonio 1995, writ denied).

When questioned by the court during the hearing, appellant admitted that six items he had identified as community property were in fact appellee's separate property. Appellant also testified that law books he listed at $5,500 actually had been purchased for $850, a freezer listed at a value of $750 had been destroyed and an automobile he valued at $3,300 had been purchased for $500.

Appellee testified she had acquired most of the property that appellant claimed to be community property prior to her marriage to appellant, that some of the items appellant listed did not exist and others had been repossessed. Appellee also testified that appliances and other items belonging to the community estate had been taken and sold by appellant prior to his incarceration, and that he was responsible for the loss of other assets. Appellee testified that she had no place to live.

Appellant, relying on the factors referenced in *Murff*, 615 S.W.2d at 699, contends there were no factors to support a disproportionate division of community property. The factors a court may consider in making a just and right division of property are not limited

to those identified in *Murff. See Abernathy v. Fehlis*, 911 S.W.2d 845, 848 (Tex.App.–Austin 1995, no writ). *Phillips v. Phillips*, 75 S.W.3d 564, 573 (Tex.App.–Beaumont 2002, no pet.), cited by appellant, does not stand for a contrary rule. The circumstances of each marriage dictate what factors should be considered in the division of property upon divorce. *Young v. Young*, 609 S.W.2d 758, 761 (Tex. 1980).

A spouse may recover an appropriate share not only of property existing in the community at the time of divorce, but also that which her spouse improperly depleted from the community estate. *Schlueter*, 975 S.W.2d at 589. The trial court also may consider whether one of the parties to the marriage has wasted community assets. *Phillips*, 75 S.W.3d at 573; *see Schlueter*, 975 S.W.2d at 589; *Beard v. Beard*, 49 S.W.3d 40, 66 (Tex.App.–Waco 2001, pet. denied).

On this record, and in the absence of findings concerning the values of any of the assets of the community estate, we presume that the trial court properly considered the entire circumstances of the parties, including the brief duration of their time together, and correctly exercised its discretion in dividing their property. We cannot say that the court acted arbitrarily or without evidence to support its decision. Appellant's third issue is overruled. The judgment of the trial court is affirmed.


James T. Campbell
Justice


9