NO. 07-03-0352-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JANUARY 20, 2004


______________________________



DONALD RAY McCRAY
,




 Appellant


v.



CATHY WILBORN, 




 Appellee

_________________________________



FROM THE 58TH DISTRICT COURT OF JEFFERSON COUNTY;



NO. A-168,673; HON. JAMES MEHAFFY, PRESIDING


_______________________________





Memorandum Opinion


_______________________________



Before QUINN, REAVIS and CAMPBELL, JJ.

 Donald Ray McCray (McCray) appeals from a "Final Judgment and Order" granting
the motion of Cathy Wilborn (Wilborn) to dismiss and dismissing his suit with prejudice. We
affirm.

 Though the allegations in his live pleading below are rather cryptic, we gather from
them that McCray sued Wilborn, clerk of the Court of Appeals for the 13th District, for filing
a docketing statement and an appellate brief in an appeal in which McCray was involved. 
As best as we can garner from the record, both items may have been untimely, and the
party tendering them failed to properly request an extension of the pertinent deadlines. 
This conduct allegedly denied him due process. 

 Wilborn moved to dismiss the suit. She believed dismissal was appropriate because
1) McCray had not complied with §14.004 of the Texas Civil Practice and Remedies Code,
2) she was entitled to immunity, and 3) the claims were frivolous. The trial court concluded
that the allegations were indeed frivolous, granted the motion, and dismissed the suit with
prejudice. McCray appealed.

 Like his trial court pleadings, McCray's appellate brief and the issues presented
therein are similarly difficult to understand. Aside from suggesting that the trial court was
apparently unaware of various rules of appellate procedure and opining that "at no time did
the trial court state a violation of chapter: 14, of the Texas Civil Practice and Remedies
Code," he provides us with neither citation to authority nor argument explaining why the
court erred. Nor does McCray attempt to explain how the performance by the clerk of her
ministerial duty to file documents relating to an appeal constitutes a denial of due process. 
See Stokes v. Aberdeen Ins. Co., 917 S.W.2d 267, 268 (Tex. 1996) (stating that a "clerk
is an officer of the court subject to the court's direction and control in exercising ministerial
duties such as filing documents"); Tex. Gov. Code Ann. §51.204(a) (Vernon Supp. 2004)
(requiring a clerk of the court of appeals to, among other things, file and carefully preserve
records and papers relative to the record). Given this absence of argument and authority,
we can only but conclude that McCray waived any complaint he may have had to the trial
court's decision. See Tex. R. App. P. 38.1(h) (requiring an appellant to include argument
and pertinent authority in its brief); Moser v. Davis, 79 S.W.3d 162, 169-70 (Tex. App.--
Amarillo 2002, no pet.) (holding that the failure to either cite authority, explain why no
authority is cited, or advance substantive analysis waives the issue on appeal); In re
Williams, 998 S.W.2d 724, 730 (Tex. App.--Amarillo 1999, no pet.) (holding the same).

 Accordingly, we affirm the judgment of the trial court.


 Brian Quinn

 Justice

 


 


 



te bar number of said counsel
shall be included in the order appointing new counsel. Finally, the trial court shall execute
findings of fact, conclusions of law, and such orders as the court may enter regarding the
aforementioned issues, and cause its findings and conclusions to be included in a
supplemental clerk's record. A supplemental record of the hearing shall also be included
in the appellate record. Finally, the trial court shall file the supplemental clerk's record and
the supplemental reporter's record with the Clerk of this Court by Thursday, November 21,
2002.

 It is so ordered.


 Per Curiam

Do not publish. 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.