NO. 07-03-0352-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 20, 2004

_____

DONALD RAY McCRAY,

Appellant

v.

CATHY WILBORN,

Appellee
_____

FROM THE 58TH DISTRICT COURT OF JEFFERSON COUNTY;

NO. A-168,673; HON. JAMES MEHAFFY, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, REAVIS and CAMPBELL, JJ.

Donald Ray McCray (McCray) appeals from a "Final Judgment and Order" granting the motion of Cathy Wilborn (Wilborn) to dismiss and dismissing his suit with prejudice. We affirm.

Though the allegations in his live pleading below are rather cryptic, we gather from them that McCray sued Wilborn, clerk of the Court of Appeals for the 13th District, for filing a docketing statement and an appellate brief in an appeal in which McCray was involved.

As best as we can garner from the record, both items may have been untimely, and the party tendering them failed to properly request an extension of the pertinent deadlines. This conduct allegedly denied him due process.

Wilborn moved to dismiss the suit. She believed dismissal was appropriate because 1) McCray had not complied with §14.004 of the Texas Civil Practice and Remedies Code, 2) she was entitled to immunity, and 3) the claims were frivolous. The trial court concluded that the allegations were indeed frivolous, granted the motion, and dismissed the suit with prejudice. McCray appealed.

Like his trial court pleadings, McCray's appellate brief and the issues presented therein are similarly difficult to understand. Aside from suggesting that the trial court was apparently unaware of various rules of appellate procedure and opining that "at no time did the trial court state a violation of chapter: 14, of the Texas Civil Practice and Remedies Code," he provides us with neither citation to authority nor argument explaining why the court erred. Nor does McCray attempt to explain how the performance by the clerk of her ministerial duty to file documents relating to an appeal constitutes a denial of due process. *See Stokes v. Aberdeen Ins. Co.,* 917 S.W.2d 267, 268 (Tex. 1996) (stating that a "clerk is an officer of the court subject to the court's direction and control in exercising ministerial duties such as filing documents"); TEX. GOV. CODE ANN. §51.204(a) (Vernon Supp. 2004) (requiring a clerk of the court of appeals to, among other things, file and carefully preserve records and papers relative to the record). Given this absence of argument and authority, we can only but conclude that McCray waived any complaint he may have had to the trial court's decision. *See* TEX. R. APP. P. 38.1(h) (requiring an appellant to include argument and pertinent authority in its brief); *Moser v. Davis*, 79 S.W.3d 162, 169-70 (Tex. App.--

2

Amarillo 2002, no pet.) (holding that the failure to either cite authority, explain why no authority is cited, or advance substantive analysis waives the issue on appeal); *In re Williams*, 998 S.W.2d 724, 730 (Tex. App.--Amarillo 1999, no pet.) (holding the same).

Accordingly, we affirm the judgment of the trial court.

Brian Quinn
Justice