NO. 07-04-0434-CV


 NO. 07-04-0435-CV

 NO. 07-04-0436-CV

 NO. 07-04-0437-CV


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 8, 2004



______________________________




IN RE ASHLEY GUTIERREZ BY AND THROUGH





HER NEXT FRIEND MICHELLE CORDOVA, RELATOR



IN RE JOSEPH ALARCON GONZALEZ, RELATOR



_________________________________






Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.


MEMORANDUM OPINION ON PETITIONS FOR WRIT OF MANDAMUS


AND PETITIONS FOR WRIT OF PROHIBITION



 By these original proceedings, Relators Ashley Gutierrez, by and through her next
friend Michelle Cordova, and Joseph Alarcon Gonzalez, natural parents of Ashley
Gutierrez, seek a writ of mandamus denying "the standing of " Jeffrey Donald Gurney and
Alicia Munoz Gurney to pursue "their second cause of action" relating to cause number
54,925-B, District Court, Randall County, Texas. They also request that we issue a writ of
prohibition that the Honorable John Board, Judge of the 181st District Court, and the
Honorable James Anderson, Judge of the County Court at Law of Randall County, not
proceed with hearings in cause numbers 51,715-B and 54,925-B until a ruling on the
petitions for writ of mandamus.

 A writ of mandamus will only issue to correct a clear abuse of discretion or violation
of a duty imposed by law when there is no adequate remedy at law by appeal. Walker v,
Packer, 827 S.W.2d 833, 837-38 (Tex. 1992). Moreover, an appeal, not an original
proceeding, is the appropriate method to remedy a trial court's failure to give preclusive
effect to a final judgment and thus appellate courts have no authority to issue writs of
prohibition to protect unappealed judgments. See Holloway v. Fifth Court of Appeals, 767
S.W.2d 680, 683 (Tex. 1989). Accordingly, the petitions for writ of mandamus and writ of
prohibition are denied.

 Per Curiam



2000, pet. denied); Sawyer v. Texas Dep't of Crim. Justice, 983 S.W.2d
310, 311 (Tex. App.-Houston [1st Dist.] 1998, pet. denied). (1) With this said, we turn to the
situation before us.

 Hohn contended, via his original petition, that Gilmore acted negligently and thereby
denied him his constitutional right to access the courts. This occurred when she neglected
to file mark and assign a cause number to the documents he sent. However, negligent
conduct is not actionable as a violation of the United States Constitution. See e.g., Daniels
v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 666, 88 L.Ed.2d 662, 663 (1986) (refusing
to recognize constitutional torts sounding in negligence); Williams v. Scott, No. 04-99-0830-CV, 2000 Tex. App. LEXIS 7731 at 4 (Tex. App.-San Antonio November 15, 2000, no pet.)
(not designated for publication) (stating that injuries arising from a prison guard's negligent
conduct are not actionable under 42 U.S.C. §1983). So, to the extent that he invoked the
United States Constitution to recover for injuries arising from negligent conduct, the claim
is frivolous. 

 Nor can we say that he fares any better viz his claim implicating the Texas
Constitution. It is based upon the open courts provision in art. I, §13 of that document. 
Assuming arguendo that the provision affords one a private right of action for damages, see
City of Beaumont v. Bouillion, 896 S.W.2d 143, 148-49 (Tex. 1995) (holding that not every
provision of the Texas Constitution grants one a private right of action for damages), it has
been held that the clause applies only to statutory restrictions upon a legitimate common
law cause of action. Federal Sign v. Texas Southern Univ., 951 S.W.2d 401, 410 (Tex.
1997). Given this, Hohn must illustrate that some legislative edict impeded his access, but
he does not. Instead, he averred that the negligent actions of Gilmore did so. 
Consequently, his allegations also fail to aver a recognizable claim under art. I, §13 of the
Texas Constitution.

 As for the allegation that the clerk violated Rule 24 of the Texas Rules of Civil
Procedure, Hohn proffers neither authority nor substantive argument suggesting that the
rules of civil procedure create private causes of action for damages. Given this dearth of
authority and analysis, he waived any claim founded upon Rule 24. In re Williams, 998
SW.2d 724, 730 (Tex. App.-Amarillo 1999, no pet.).

 Because Hohn did not establish that his petition averred a viable cause of action,
the trial court was entitled to treat his allegations as frivolous and dismiss the suit. Tex. Civ.
Prac. & Rem. Code Ann. §13.001(a)(2) (Vernon 2002) (stating that a court "may dismiss
the action on a finding that . . . [it] is frivolous or malicious"); Doyle v. Lucy, No. 14-03-0039-CV, 2004 Tex. App. LEXIS 2790 at 9 (Tex. App.-Houston [14th Dist.] 2004, March 30, 2004,
no pet.) (stating that the trial court need not provide the inmate opportunity to amend his
petition to state a viable claim before dismissing it). Accordingly, we modify the order to
illustrate that the dismissal was without prejudice, see Mullins v. Estelle High Security Unit,
111 S.W.3d 268, 273-74 (Tex. App.-Texarkana 2003, no pet.) (modifying the dismissal to
be without prejudice when the frivolous allegations may be susceptible to correction), and
affirm it as modified.


 Brian Quinn 

 Chief Justice
1. We construe an action having no arguable basis in law as also failing to state a cause of action.