NO. 07-03-0315-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 27, 2005

_____

ROBERT RORY HOHN,

Appellant

v.

MELODY GILMORE,

Appellee

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 91,082-E; HON. ABE LOPEZ, PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Robert Rory Hohn, an indigent inmate, appeals from an order dismissing (with prejudice) his negligence suit against Melody Gilmore, the District Clerk of Liberty County. Hohn sued Gilmore due to her purported failure to file mark and assign a case number to various documents sent Gilmore. The trial court dismissed the suit, concluding that the petition failed to state a cause of action. Before us, Hohn asserts that the trial court's decision constituted an abuse of discretion. We affirm the judgment of the trial court.

Trial courts have broad discretion in determining whether claims filed by indigent inmates should be dismissed. *Montana v. Patterson,* 894 S.W.2d 812, 814-15 (Tex. App.–Tyler 1994, no writ). So too may they dismiss such a claim, either before or after service of process, if they find the suit to be frivolous. TEX. CIV. PRAC. & REM. CODE ANN. §14.003(a)(2) (Vernon 2002). And, in determining whether a claim is frivolous, a trial court may consider whether the allegations have any arguable basis in law or in fact. *Id.* at §14.003(b)(2). Yet, when dismissal occurs without the court holding an evidentiary hearing, as it did here, we are limited to reviewing whether the suit had any arguable basis in law. *Smith v. Texas Dep't of Crim. Justice - Institutional Div.,* 33 S.W.3d 338, 340 (Tex. App.–Texarkana 2000, pet. denied); *Sawyer v. Texas Dep't of Crim. Justice,* 983 S.W.2d 310, 311 (Tex. App.–Houston [1st Dist.] 1998, pet. denied).[1] With this said, we turn to the situation before us.

Hohn contended, via his original petition, that Gilmore acted negligently and thereby denied him his constitutional right to access the courts. This occurred when she neglected to file mark and assign a cause number to the documents he sent. However, negligent conduct is not actionable as a violation of the United States Constitution. *See e.g., Daniels v. Williams*, 474 U.S. 327, 328, 106 S.Ct. 662, 666, 88 L.Ed.2d 662, 663 (1986) (refusing to recognize constitutional torts sounding in negligence); *Williams v. Scott*, No. 04-99-0830-CV, 2000 Tex. App. LEXIS 7731 at 4 (Tex. App.–San Antonio November 15, 2000, no pet.) (not designated for publication) (stating that injuries arising from a prison guard's negligent conduct are not actionable under 42 U.S.C. §1983). So, to the extent that he invoked the

---

[1]We construe an action having no arguable basis in law as also failing to state a cause of action.

United States Constitution to recover for injuries arising from negligent conduct, the claim is frivolous.

Nor can we say that he fares any better *viz* his claim implicating the Texas Constitution. It is based upon the open courts provision in art. I, §13 of that document. Assuming *arguendo* that the provision affords one a private right of action for damages, *see City of Beaumont v. Bouillion*, 896 S.W.2d 143, 148-49 (Tex. 1995) (holding that not every provision of the Texas Constitution grants one a private right of action for damages), it has been held that the clause applies only to statutory restrictions upon a legitimate common law cause of action. *Federal Sign v. Texas Southern Univ.*, 951 S.W.2d 401, 410 (Tex. 1997). Given this, Hohn must illustrate that some legislative edict impeded his access, but he does not. Instead, he averred that the negligent actions of Gilmore did so. Consequently, his allegations also fail to aver a recognizable claim under art. I, §13 of the Texas Constitution.

As for the allegation that the clerk violated Rule 24 of the Texas Rules of Civil Procedure, Hohn proffers neither authority nor substantive argument suggesting that the rules of civil procedure create private causes of action for damages. Given this dearth of authority and analysis, he waived any claim founded upon Rule 24. *In re Williams,* 998 SW.2d 724, 730 (Tex. App.–Amarillo 1999, no pet.).

Because Hohn did not establish that his petition averred a viable cause of action, the trial court was entitled to treat his allegations as frivolous and dismiss the suit. TEX. CIV. PRAC. & REM. CODE ANN. §13.001(a)(2) (Vernon 2002) (stating that a court "may dismiss the action on a finding that . . . [it] is frivolous or malicious"); *Doyle v. Lucy*, No. 14-03-0039-CV, 2004 Tex. App. LEXIS 2790 at 9 (Tex. App.–Houston [14th Dist.] 2004, March 30, 2004,

3

no pet.) (stating that the trial court need not provide the inmate opportunity to amend his petition to state a viable claim before dismissing it). Accordingly, we modify the order to illustrate that the dismissal was without prejudice, *see Mullins v. Estelle High Security Unit*, 111 S.W.3d 268, 273-74 (Tex. App.–Texarkana 2003, no pet.) (modifying the dismissal to be without prejudice when the frivolous allegations may be susceptible to correction), and affirm it as modified.


       Brian Quinn
       Chief Justice