IN THE INTEREST OF M.C.F.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-062-CV

IN THE INTEREST OF M.C.F. 

------------

FROM THE 235
TH
 DISTRICT COURT OF COOKE COUNTY

------------

OPINION

------------

Appellant, Stephanie Ford, appeals from the order of the trial court granting the name change of her child M.C.F.  In four points, appellant complains that the trial court erred by changing the child’s name to the father’s surname because there was no evidence that the name change was in the child’s best interest; the name change was a violation of the mother’s constitutional rights; the evidence was legally insufficient to support the name change; and the evidence was factually insufficient to support the name change.  We reverse the portion of the trial court’s order granting the name change and render judgment that the child shall hereinafter be named Morgan Clay Ford.

FACTS

Appellant met Kerry Wayne Estes, appellee, in the state of Georgia during June 2001.  They began a romantic relationship and, shortly thereafter, moved in together during August of 2001.  In October 2001, the couple discovered that appellant was pregnant.  Appellant decided that she wanted the baby to be born in Texas where they would be nearer to her mother.  Thus, in January 2002 the couple moved to Gainesville, Texas to live with appellant’s mother and stepfather.  After the couple lived there a week, they argued and broke up.  Appellant’s mother and stepfather told appellee that appellant never wanted to see him again and that he should collect his clothes from the house. 

Appellant did not speak to appellee until she went to Georgia to close out the old apartment and collect her things.  While in Georgia, the couple spoke and decided to go to counseling.  However, after returning to Texas appellee attempted to contact appellant and her stepfather told him that she would not be attending counseling with him and that appellee was not allowed to speak to her.  At the time of trial, appellee had not spoken to appellant since August 2002. 

The child was born on June 12, 2002.  Appellee filed a petition to establish paternity on July 1, 2002 wherein he requested that the court  change the child’s surname from Ford to Estes.  After the child was born appellee attempted to contact appellant, but was denied access to the child.  Although appellee contended at trial that he had attempted to contribute to the child financially, he conceded that in actuality he had not contributed anything.  During his testimony, appellee never presented any reasons to support the proposition that changing the child’s name to Estes would be in the child’s best interest.

Appellant testified at trial that she was worried about appellee’s ability to care for the child.  Appellant also feared for the child’s safety because of appellee’s violent temper.  During her testimony, appellant requested that the court not change the child’s name to Estes.

Appellee testified that he was charged with lewd indecency in the presence of a minor arising from an allegation of exposure in Florida in June of 1992.  
The Florida court dismissed the charge and disposed of it through a process called “pretrial diversion.”
  Appellee was required to call a probation officer once a month for a year, but he did not have to pay a fine or plead guilty.  Additionally, appellee was arrested for DUI in 1986 and was found guilty. 

The court entered an order establishing paternity, setting supervised visitation, ordering a psychological evaluation of appellee, ordering appellee to pay child support, and changing the child’s name from Morgan Clay Ford to Morgan Clay Estes.  Appellee never testified at trial, or at the hearing on the motion for new trial regarding his request that the child’s name be changed.  However, the trial court entered findings of fact and conclusions of law stating that it was in the best interest of the child to change his surname to that of his biological father.  Shortly thereafter, the trial court amended its conclusions of law to reflect that the case was brought under chapter 160 of the family code, rather than chapter 45.  The amended conclusions of law state that the court granted the name change because appellee requested the name change in his petition and showed good cause for it
.  Appellee contends section 45.004(a), which states that the court may order that the name of a child be changed if the change is in the best interest of the child, does not apply, and the applicable statute is section 160.636(e), which states that the court may order the name of the child changed if good cause is shown.  
Tex. Fam. Code Ann.
 §§ 45.004(a), 160.636(e) (Vernon 2002).

Appellant filed a motion for new trial on the issue of the name change and the court conducted a hearing on March 31, 2003.  During the hearing, appellant testified that the child had lived with her and her parents for his entire life (nine months).  In support of her motion, appellant testified that she would not change her maiden name (Ford) if she were to marry in the future.  Moreover, the doctor’s records and birth certificate list the child’s name as Ford.  Appellee did not appear at the motion for new trial and appellant was the only witness to testify at the hearing.  The court denied appellant’s motion for new trial.

ANALYSIS

In appellant’s first point she complains that the trial court erred by changing the name of Morgan Clay Ford to Morgan Clay Estes because changing the name was not in the child’s best interest.  In appellant’s third  point she complains that the evidence was legally insufficient to support the trial court’s decision to change the child’s name.  

Appellant contends that family code section 45.004(a) applies. This subchapter is entitled “Change Of Name Of Child” and is contained in the chapter entitled “Change of Name.”  Under section 45.004, the court may order that the name of a child be changed if the change is in the best interest of the child.  
Id. 
§ 45.004(a).   

Appellee contends that family code section 160.636(e) applies.  This subchapter is entitled “Proceeding to Adjudicate Parentage” and is contained within the “Uniform Parentage Act.”  
See id.
 §§ 160.001-.763
 (Vernon 2002 & Supp. 2004).  Under a chapter 160 suit to establish paternity, the child’s name may be changed on request of a party and for good cause shown.  
Id. 
§ 160.636(e).  Section 160.002 contains a conflicts provision requiring that this subchapter will control if there is a conflict with another provision of the family code.  
Id. 
§ 160.002.  Thus, we agree with appellee that he was required to show good cause to justify the name change.

However, because the family code instructs us that the best interest of the child is always a factor in any suit affecting the parent-child relationship, we believe that the appellee should have also shown how the change of name would be in the child’s best interest.  
See id. 
§ 153.002 (stating that “[t]he best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child”); 
In re C.H.
, 89 S.W.3d 17, 28-29 (Tex. 2002).  Under this statute, it is the child's best interest, and not the interest of the biological father, which must be served by legitimation.  
Travis County Child Welfare Unit v. Vance
, 566 S.W.2d 112, 114 (Tex. Civ. App.—Austin 1978, no writ). 

While we recognize that a name change in connection with a paternity action under chapter 160 is not the same as a name change under chapter 45, we believe that the chapter 45 cases may be looked to in determining a child’s best interest regarding the name change in a paternity action.  
Newman v. King, 
433 S.W.2d 420, 423 (Tex. 1968);
 In re Guthrie
, 45 S.W.3d 719, 724 (Tex. App.—Dallas 2001, pet. denied)
; Bennett v. Northcutt
, 544 S.W.2d 703, 708 (Tex. Civ. App.—Dallas 1976, no writ).  Thus, when reviewing the decision of a trial court to determine whether good cause was shown for changing a child’s name in a proceeding to establish paternity under chapter 160, we conclude that the trial court must then also consider whether the change is in the best interest of the child. 
See C.H.
, 89 S.W.3d at 28-29
; 
Newman, 
433 S.W.2d at 423;
 Guthrie
, 45 S.W.3d at 724
; In re M.L.P.
, 621 S.W.2d 430, 431 (Tex. Civ. App.—San Antonio 1981, writ dism'd)
; Bennett
, 544 S.W.2d at 708
.

Standard of Review

We review the trial court’s granting of a name change for a minor child under an abuse of discretion standard.  
Guthrie
, 45 S.W.3d at 723.  The abuse of discretion standard in a family law case overlaps the traditional sufficiency standard of review.  
In re C.R.O.
, 96 S.W.3d 442, 447 (Tex. App.—Amarillo 2002, pet. denied).  However, under an abuse of discretion standard a legal sufficiency challenge is a relevant factor in assessing whether a trial court abused its discretion. 
 C.H.
, 89 S.W.3d at 28-29
. 

Thus, in applying the abuse of discretion standard, an appellate court must apply a two prong analysis: (1) whether the trial court had sufficient evidence upon which to exercise its discretion; and (2) whether the trial court erred in applying its discretion.  
Id.
; 
Seidel v. Seidel
, 10 S.W.3d 365, 368 (Tex. App.—Dallas 1999, no pet.).  The legal sufficiency review is the first inquiry. Then a determination is made as to whether the trial court’s decision was arbitrary and unreasonable.  
D.R.
, 894 S.W.2d at 95 (citing 
Worford v. Stamper
, 801 S.W.2d 108, 109 (Tex.1990)).  

In determining a "no-evidence" issue, we are to consider only the evidence and inferences that tend to support the finding and disregard all evidence and inferences to the contrary.  
Bradford v. Vento, 
48 S.W.3d 749, 754 (Tex. 2001)
; Cont’l Coffee Prods. Co. v. Cazarez, 
937 S.W.2d 444, 450 (Tex. 1996);
 In re King's Estate
, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).  
A "no-evidence" issue may only be sustained when the record discloses one of the following:  (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; or (4) the evidence establishes conclusively the opposite of a vital fact.  
Uniroyal Goodrich Tire Co. v. Martinez,
 977 S.W.2d 328, 334 (Tex. 1998) (citing Robert W. Calvert, 
"No Evidence"
 
and "Insufficient Evidence" Points of Error
, 38 T
EX
. L. R
EV
. 361, 362-63 (1960)),
 cert. denied
, 526 U.S. 1040 (1999).

 

Good Cause

We found no appellate decisions that addressed the definition of good cause in the context of the paternity section 160.636 of the Texas Family Code. “Good cause” is defined in Black’s Law Dictionary as a “legally sufficient reason.”  
Black’s Law Dictionary
 213 (7
th
 ed. 1999).  The definition also states that “[g]ood cause is often the burden placed upon a litigant . . . to show why a request should be granted or an action excused.” 
 Id.
  In the present case, appellee did not present any reason why the child’s name should be changed, much less a legally sufficient reason.  

Although we found no paternity cases defining “good cause” under chapter 160 of the family code, other types of cases provide some examples.  In the context of a trial court's ruling on a motion for leave to file a late summary judgment, the Texas Supreme Court said that while it had not specifically defined "good cause," it had previously “held that an inadvertent failure to supplement responses was insufficient to establish good cause, even if admitting the evidence would not be unfair to the opposing party.”  
Carpenter v. Cimarron Hydrocarbons Corp.
, 98 S.W.3d 682, 687 (Tex. 2002)
.  In the employment law context, good cause for discharging an employee is defined as the employee's failure to perform the duties in the scope of employment that a person of ordinary prudence would have done under the same or similar circumstances.  
Tave v. Alanis, 
109 S.W.3d 890, 893 (Tex. App.—Dallas 2003, no pet.); 
Lee-Wright, Inc. v. Hall
, 840 S.W.2d 572, 580 (Tex. App.—Houston [1
st
 Dist.] 1992, no writ).  With regard to discovery, the good cause exception permits a trial court to excuse a failure to comply with discovery in difficult or impossible circumstances.  
Alvarado v. Farah Mfg. Co.
, 830 S.W.2d 911, 915 (Tex.1992) (op. on reh'g) (explaining that counsel should not be excused from the requirements of the rule without a strict showing of good cause).  However, the following factors standing alone do not constitute good cause:  inadvertence of counsel, lack of surprise, or uniqueness of the excluded evidence. 
Id.
 In addition, the trial court has discretion to determine good cause, and the determination can only be set aside if that discretion was abused.  
Morrow v. H.E.B., Inc.
, 714 S.W.2d 297, 298 (Tex. 1986).

Other states have dealt with good cause in the family law context.
 
 
An Oklahoma court of appeals looked at good cause with regard to its statute on adoptive preferential placement.  
In re Adoption of Baby Girl B.
, 2003 OK CIV APP 24, 67 P.3d 359, 370-72 (Okla. Ct. App. 2003)
. 
The statute at issue stated that preference for placement of an Indian child under the Indian Child Welfare Act shall be given “in the absence of good cause to the contrary” to the Indian child’s extended family.  
Id.  
The court held that the best interest of the child is a criterion to consider, along with other factors, when determining good cause.  
Id.
 at 372.  The Hawaii Supreme Court stated that as a general rule, "good cause" means a substantial reason; one that affords a legal excuse. 
Doe v. Doe
, 98 Hawai'i 144, 44 P.3d 1085, 1095 (Haw. 2002) (dealing with good cause in a paternity action, but with respect to a motion for new trial).  In a North Dakota child support case, the state supreme court stated that good cause not to require immediate income withholding must be based upon an explanation of why immediate withholding would not be in the child’s best interest. 
Collins v. Collins
, 495 N.W.2d 293, 297 (N.D. 1993).  

In contrast to appellant’s testimony, appellee presented no evidence to show good cause to justify changing the child’s name.  Appellee made only a bare request to change the child’s name in his petition.  After a review of the evidence in the record we hold that there was a complete absence of evidence of a vital fact to support the trial court’s conclusion that there was good cause to change the child’s name to Estes or that it would be in his best interest. 

In light of the above, we hold that appellee did not meet his burden with respect to showing good cause for changing the name of the child from Ford to Estes.  In fact, he presented no evidence whatsoever.  Moreover, in its findings of fact and conclusions of law, the trial court failed to state its basis for finding good cause to change the child’s name.  Therefore, we hold that the evidence was not legally sufficient to support the trial court’s finding of good cause and sustain appellant’s third issue.

Best Interest

Generally, courts will reluctantly exercise the power to change a child’s name and do so only when the substantial welfare of the child requires it.  
Newman, 
433 S.W.2d at 423;
 Guthrie
, 45 S.W.3d at 724
; Bennett
, 544 S.W.2d at 707.  In a legitimation proceeding brought by an alleged natural father, the Texas Supreme Court held that the appellate court had discretion to determine whether the person who would assume parental rights and responsibilities was fit to do so and that a decree declaring the parent-child relationship between the natural father and child, should be made only if it was in the best interest of child.  
In re K
, 535 S.W.2d 168 (Tex.), 
cert. denied,
 429 U.S. 907 (1976).  

Texas does not grant an express right to name a child to either parent
.  
Guthrie
, 45 S.W.3d at 724.  Even so, the name given to a child by one parent will not be changed unless the complaining parent can show good reason for the change.  
Id. 
(requiring a showing that a name change is in the child’s best interest in a voluntary paternity proceeding);
 M.L.P.
, 621 S.W.2d at 431 (requiring a good reason to change the child’s name in a divorce proceeding). 

There are several factors we consider in determining whether the name change is in the best interest of the child.  First we look to whether the changed name or the original name would best avoid embarrassment, inconvenience, or confusion for the custodial parent.  
Newman, 
433 S.W.2d at 423-24; 
Guthrie, 
45 S.W.3d.
 
at
 
725.  In the case at bar, appellant showed that as the custodial parent she would be inconvenienced by having a child with a different name than her own.  Ford is the name listed on the child’s birth certificate.  Doctors’ records, health insurance, life insurance, and Medicaid records all list the child as Ford.  Additionally, the child’s social security number and day care registration list the child as Ford.  Thus, appellant would be forced to change school, medical, and other official records to reflect a new name and could encounter problems managing her child’s estate, education, and medical treatment in the future if his name is different than hers.

Next we look at whether the changed name or original name would best help identify the child with the family unit. 
 Newman, 
433 S.W.2d at 423-24;
 Guthrie, 
45 S.W.3d at 725.  Clearly, the interests of the child will be best served if he has the same surname as the family he lives with.  Additionally, we look at the length of time that the child has carried the original name.  
Newman, 
433 S.W.2d at 423-24;
 Guthrie, 
45 S.W.3d at 725.  The child in this case has only been alive since 2002, so he likely does not identify with the last name of Ford.  Even so, his family, friends, doctors, insurers, and the government all have records of the child under the name Ford. 

Appellee also failed to adequately support the child financially during the birth and during the early stages of his childhood.  Specifically, appellee failed to contribute any money to payment of expenses related to the child’s birth, which was paid by Medicaid.  He argues that any financial help that he offered was refused; however, appellee’s statement that he attempted to send money through his mother conflicts with appellant’s testimony.  Appellant also testified at the hearing on the motion for new trial that appellee was currently delinquent in his child support payments.

The court should also look at the degree of respect in the community associated with the original and changed names.  
Newman, 
433 S.W.2d at 423-24;
 Guthrie, 
45 S.W.3d at 725.  Appellant’s family has strong ties to the community where the child’s primary residence is, whereas the appellee is not from Texas, lives in a different county, and has no family or community ties in the area.  Moreover, appellant did not want the child to be associated with the name Estes because appellee has a criminal record in two states (indecency with a child in Florida, disposed of by pretrial diversion, and a DUI conviction in Georgia).  The child would be better served with a name that is positively associated with the community and the name should positively affect the bond between the parents and families.  Considering that the child will be living in a community where the Ford family is located, the child would be better served with their surname.  Furthermore, we see no reason why the child cannot maintain a positive relationship with his natural father without the benefit of his last name.  

As we noted above, appellee did not testify at trial regarding his request for the child’s name to be changed.  Moreover, he did not appear at the hearing on appellant’s motion for new trial regarding the court’s decision to change the child’s name.  In contrast, appellant presented evidence both at trial and at the hearing on the motion for new trial to show why the child’s name should not be changed. 

Appellee and appellant were never married, nor did they share a last name.  Appellant testified that if she married, she would keep her maiden name.  The child and appellant both live with the Ford family and have for the entire life of the child.  Appellant is the sole managing conservator of the child.  As such, she has the right to establish the primary residence of the child, consent to medical treatment, receive support payments, manage the estate of the child, and make decisions concerning his education.  Appellee presented no evidence of how or why the name change would be in the child’s best interest.  Therefore we conclude that there is legally insufficient evidence to support a conclusion that changing the child’s name would be in his best interest.
  
We sustain appellant’s first point.

Abuse of Discretion

Because we determined that no evidence existed to support the decision of the trial court we must now consider that factor in determining whether the court abused its discretion in changing the child’s name.  To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable.  
See Carpenter,
 98 S.W.3d at 687; 
Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986).  Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred.  
Downer
, 701 S.W.2d at 241-42.

An abuse of discretion does not occur where the trial court bases its decisions on conflicting evidence.  
Davis v. Huey
, 571 S.W.2d 859, 862 (Tex. 1978);
 see also Goode v. Shoukfeh,
 943 S.W.2d 441, 446 (Tex. 1997).  Furthermore, an abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court’s decision.  
Butnaru v. Ford Motor Co., 
84 S.W.3d 198, 211 (Tex. 2002); 
Holley v. Holley
, 864 S.W.2d 703, 706 (Tex. App.—Houston [1
st
 Dist.] 1993, writ denied).

As we noted above, appellee presented no evidence at trial regarding the child’s name change.  Moreover, appellee did not appear to testify on the subject during the hearing on the motion for new trial.  Appellee presented no evidence upon which the trial court could have based its conclusion of best interest or that good cause existed to change the child’s name.

Because we have determined that the evidence was legally insufficient to support the trial court’s conclusion that good cause existed for the name change or that a change would be in the child’s best interest, and that 
the trial court acted without reference to any guiding rules or principles with regard to the name change, we sustain appellant’s first and third points.  Accordingly, we hold that the court abused its discretion in changing the child’s name from Ford to Estes. 
 
See 
Tex. R. App. P.
 43.3.  Because we sustain appellant’s points one and three, we need not discuss her remaining points.  
See 
Tex. R. App. P.
 47.1.   Appellee’s counterpoint complains that appellant’s appeal is frivolous and that this court should sanction her by ordering her to pay appellee’s attorney’s fees. Having sustained appellant’s first and third points, we disagree with appellee.  Accordingly, we award costs to appellant as the prevailing party and overrule appellee’s counterpoint.  
See
 
Tex. R. App. P.
 43.4.

We reverse that portion of the trial court’s “Final Order in Suit to Establish Parentage” that changes the child’s name.  We render judgment that the child shall hereinafter be named Morgan Clay Ford.  
See
 T
EX
. R. A
PP
. P. 43.3; 
Vista Chevrolet, Inc. v. Lewis
, 709 S.W.2d 176, 176 (Tex. 1986) (quoting
 Nat’l Life & Accident Ins. Co. v. Blagg
, 438 S.W.2d 905, 909 (Tex. 1969)).  In all other respects, the judgment of the trial court is affirmed.

 

 

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DELIVERED:  December 4, 2003