COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                NO.
 2-09-020-CV

 

 

RONALD L. BRENNAN                                                                       APPELLANT

 

                                                             V.

 

KIM CEDENO                                                                                       APPELLEE

 

                                                       ------------

 

              FROM
THE 231ST DISTRICT COURT OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

I. INTRODUCTION








In
four issues, Appellant Ronald L. Brennan contends the trial court erred by not
enforcing a final decree of divorce requiring Appellee Kim Cedeno to reimburse
Brennan for one-half of their children=s
health care expensesCspecifically,
orthodontia.  We are asked to determine
whether the trial court abused its discretion by ruling that the orthodontia in
this case was an Ainvasive procedure@
which, per the terms of the divorce decree, required the consent of both
parties prior to treatment to trigger Cedeno=s
obligation to pay.  We reverse and
remand.

II. BACKGROUND

On
March 20, 2002, Brennan and Cedeno divorced and were appointed joint managing
conservators of their two children, K.B. and R.B.[2]  The divorce decree granted each parent Athe
joint right with the other parent to consent to medical, dental, and surgical
treatment involving invasive procedures@
and, during respective periods of possession, the Aright
to consent for the children to medical and dental care not involving invasive
procedures.@  The decree also required both parents to pay Afifty
percent of all reasonable and necessary expenses . . . including, without
limitation, . . . dental, . . . and orthodontic charges, for as long as child
support is payable under terms of this decree.@ 

A.  Both Children Receive Braces

In
February 2007, both children received braces on their teeth.  On September 15, 2008, Brennan filed a First
Amended Motion For Enforcement of Child Support Order alleging that Cedeno had Afailed
and refused to pay fifty percent of the children=s
health care bills that were provided to her by certified mail@
each month for sixteen consecutive months beginning February 2007.  For each of these sixteen alleged violations,
Brennan asked the court to hold Cedeno in contempt until she complied with the
divorce decree=s
terms by paying $3,388.08 in child support arrearages.








B.  Evidence Regarding Whether Braces Are
Invasive

At
the hearing, Brennan modified the amount of arrearages to $3,122.80CCedeno=s
half of the orthodontic expenses.[3]  During the hearing, Brennan testified that
(1) he discussed the necessity of the two children having braces with Cedeno
before the braces were applied,[4]
(2) Cedeno initially stated she did not want the children to have braces, and
(3) she refused to pay her half of the costs for the braces because the
procedure was not recommended by a second orthodontist to whom Cedeno took the
children for another opinion.  Brennan
also testified that about a year before getting braces, K.B. had a tooth
removed.  Brennan submitted into evidence
the summaries of medical expenses he calculated Cedeno owed and the bills and
explanations of benefits he mailed to Cedeno each month.[5]








Cedeno
testified that K.B. was already in braces before she obtained a second
opinion.  She took R.B. to an
orthodontist who recommended an alternate procedure to prevent R.B. from being
in braces for another Ayear or two or three.@  She acknowledged, however, that both children
probably would have eventually needed braces, just not at that time, but she
did not think the braces should be removed. 
Cedeno also contended that she had a joint right to consent prior to
treatment because the application of braces is an invasive procedure.

After
receiving requested letter briefs from each party regarding whether the application
of braces constitutes an Ainvasive procedure,@ the
trial court denied Brennan=s
motion.  The trial court included the
following in its findings of fact and conclusions of law:

3.  At the time of the hearing, the parties
stipulated through their attorneys that the consent of both parents was
necessary for medical, dental and surgical treatment involving Ainvasive procedures.@

 

5.  The testimony was uncontroverted that the
procedure in this particular case involved not only actual entry into the oral
cavity of the child but the removal of at least one tooth and the orthodontic
manipulation and realignment of the remaining teeth.

 

6.  The [c]ourt finds that the orthodontia
involved in this case was an invasive procedure.@

 

III.  DISCUSSION

Brennan
presents four issues to this court.  First, he contends the trial court erred in
ruling that the orthodontia in this case was an Ainvasive
procedure@ as
that term is used in the divorce decree because there was no evidence presented
at trial to support the court=s
ruling.  Second, he contends the ruling
was against the great weight and preponderance of the evidence.  Third, Brennan contends the trial court thus
abused its discretion.  And, fourth, he
contends that the trial court erred by not awarding him judgment.  Because they are dispositive, we first
address Brennan=s third and fourth issues.








A.  Standard of Review

We
review the trial court=s ruling on a motion for
enforcement of a divorce decree under an abuse of discretion standard.  Murray v. Murray, 276 S.W.3d 138, 143
(Tex. App.CFort
Worth 2008, no pet.).  To determine
whether a trial court abused its discretion, we must decide whether the trial
court acted without reference to any guiding rules or principles; in other
words, we must decide whether the act was arbitrary or unreasonable.  Perry Homes v. Cull, 258 S.W.3d 580,
602 (Tex. 2008); Low v. Henry, 221 S.W.3d 609, 614 (Tex. 2007).  An appellate court cannot conclude that a
trial court abused its discretion merely because the appellate court would have
ruled differently in the same circumstances.  Perry Homes, 258 S.W.3d at 602.

An
abuse of discretion does not occur when the trial court bases its decision on
conflicting evidence.  In re Barber,
982 S.W.2d 364, 366 (Tex. 1998) (orig. proceeding).  Furthermore, an abuse of discretion does not
occur as long as some evidence of substantive and probative character exists to
support the trial court=s decision.  Butnaru v. Ford Motor Co., 84 S.W.3d
198, 211 (Tex. 2002).  A trial court has
no discretion in determining what the law is or applying the law to the facts,
even when the law is unsettled.  In re
Prudential Ins. Co. of Am., 148 S.W.3d 124, 135 (Tex. 2004); In re
J.P.C., 261 S.W.3d 334, 336 (Tex. App.CFort
Worth 2008, no pet.).








To
determine whether there has been an abuse of discretion in a family law case,
we consider (1) whether the trial court had sufficient evidence upon which to
exercise its discretion and (2) whether the trial court erred in applying its
discretion.  In re M.C.F., 121
S.W.3d 891, 895 (Tex. App.CFort
Worth 2003, no pet.).  In appropriate
cases, legal and factual sufficiency are relevant factors in assessing whether
the trial court abused its discretion.  See
Beaumont Bank v. Buller, 806 S.W.2d 223, 226 (Tex.1991); J.P.C., 261
S.W.3d at 336.

B.  Analysis

The
pertinent portion of the divorce decree provides each parent the Ajoint
right with the other parent to consent to medical, dental, and surgical
treatment involving invasive procedures.@  Thus, as a prerequisite to receiving reimbursement
for dental expenses incurred by or on behalf of the minor children, the divorce
decree requires that both parents consent to an invasive procedure.

In
its findings of fact, the trial court relies on Auncontroverted
testimony@
that the application of braces involved Anot
only actual entry into the oral cavity of the child but the removal of at least
one tooth[6]
and the orthodontic manipulation and realignment of the remaining teeth.@ 








1.  Legally Insufficient Evidence Of AInvasive
Procedure@

The
Texas Family Code does not define Ainvasive
procedure.@  However, Appellant proposed a definition
contained in the Texas Health and Safety Code, which defines Ainvasive
procedure@ as
a Asurgical
entry into tissues, cavities, or organs; or repair of major traumatic injuries
associated with . . . the manipulation, cutting, or removal of any oral or
perioral tissues, including tooth structure, during which bleeding occurs or
the potential for bleeding exists.@  Tex. Health & Safety Code Ann. ' 
85.202(3) (Vernon 2009).  The Texas State
Board of Dental Examiners has incorporated the same definition in its Rules and
Regulations.  Tex. Bd. of Dental Exam=rs
Rules and Regulations, Rule 108.23 (2010),
http://www.tsbde.state.tx.us/documents/rules/SBDE-Rules-Feb2010.pdf.  Cedeno does not argue that Brennan=s
proposed definition is inapplicable in this case and proposes no alternative
definition.  Indeed, she contends the
trial court did not fail to follow guiding principles because it referenced the
legislative definition urged by Brennan in its letter ruling.








Because
Cedeno did not object to Brennan=s
definitionCand
even contends that using Brennan=s
own definition, the orthodontic treatment involved here was invasiveCwe
will accept that definition for the purpose of this case.  See Ancira Enter., Inc. v. Fischer,
178 S.W.3d 82, 93 (Tex. App.CAustin
2005, no pet.) (holding that appellee=s
definition governed the appellate court=s
legal sufficiency review because the appellant did not object to its
submission).  We accordingly consider whether
there is legally sufficient evidence of an Ainvasive
procedure@ as
defined by Brennan.  See id.  The legislature=s
definition of Ainvasive
procedure@ is
not simply Aactual
entry into the oral cavity,@ but
a surgical entry.  Additionally, we agree
with Brennan=s
contention that using the trial court=s
interpretation, even teeth cleaning or flossing by a dental hygienist could be
considered an Ainvasive
procedure@
because the procedure involves entry into the oral cavity.  Thus, we must hold the evidence is legally
insufficient to support the trial court=s
finding that the braces in this case are an invasive procedure because of Aactual
entry into the oral cavity.@

2.  Insufficient Evidence As to Nature of
Procedure








Aside
from Brennan=s
testimony that he spoke with Cedeno about the need for the children to have
braces and Cedeno=s testimony that her
orthodontist suggested use of an Aexpander@ for
R.B. to cut short a portion of the time needed for braces at her young age, we
find no evidence in the record to support the trial court=s finding
that the application of braces involved Amanipulation
and realignment of the remaining teeth.@  Moreover, there was no testimony concerning
the procedure for applying the braces.  Cf.,
Waltz v. Waltz, 776 S.W.2d 320, 322 (Tex. App.CHouston
[1st Dist.] 1989, no writ) (holding no evidence existed to support the
reasonableness of medical bills incurred on behalf of minor children as required
by decree).  We hold there was no
probative evidence to support the trial court=s
finding of fact that the braces, in this case, are an invasive procedure.  Although it is uncontroverted that braces
were applied in both childrens=
mouths, the evidence is insufficient to support an implied finding of fact that
the braces in this case did or did not involve a surgical entry into the
children=s
mouths or the Arepair
of major traumatic injuries.@

We
sustain Brennan=s third and fourth issues
and hold that the trial court abused its discretion by finding braces in this
case to be an Ainvasive
procedure@ and
erred in denying Brennan=s motion.  See M.C.F., 121 S.W.3d at 895.  Because we sustain Brennan=s
third and fourth issues, we need not address his remaining issues.  See Tex. R. App. P. 47.1.

IV.  CONCLUSION

Having
sustained Brennan=s third and fourth issues,
we reverse the judgment of the trial court and remand this case for further
proceedings consistent with this opinion.

 

 

ANNE GARDNER

JUSTICE

 

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

 

DELIVERED:  May 20, 2010











[1]See Tex. R. App. P.
47.4.





[2]Both children live
with Cedeno.





[3]Brennan submitted
evidence that Cedeno paid half of all medical expenses he incurred on behalf of
the children except the costs relating to the application of braces to the
children=s teeth.





[4]On cross-examination,
Brennan admitted he had no documentation of his discussions with Cedeno about
the braces before they were applied to either child.





[5]Brennan submitted no
explanations of benefits concerning the braces into evidence.





[6]Brennan conceded that
(1) the removal of K.B.=s tooth was an
invasive procedure, (2) the 2006 tooth removal was done in preparation for
braces; and (3) Cedeno should not have to pay Awhatever the charge
was for having one tooth removed.@ 
Brennan also stated he did not believe the cost of the tooth removal was
included in the amount of reimbursement he sought from Cedeno for the
braces.  Because Brennan conceded the
tooth removal was an invasive procedure, we do not address this portion of the
trial court=s finding of fact on
appeal.