**Opinion filed December 30, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00312-CV
_____

## IN THE INTEREST OF L.T.M., A CHILD

---

### On Appeal from the 266th District Court
### Erath County, Texas
### Trial Court Cause No. CV33419

---

### M E M O R A N D U M   O P I N I O N

K.M., the mother of L.T.M., appeals from an order in which the trial court determined that L.T.M. could change his last name.[1] K.M. asserts that the trial court abused its discretion when it granted the petition of K.S., L.T.M.'s father, to change their son's last name because the trial court violated multiple constitutional rights and had no basis for its order. We affirm.

---

[1]This case is one of two appeals before this court that concern L.T.M.; the other case is our Cause No. 11-15-00311-CV, which is an appeal of a child custody dispute.

## I. *Evidence at Hearing*

L.T.M.'s father petitioned to change his son's last name (surname). L.T.M. wanted to change his last name and signed a consent form, which was attached to the petition. L.T.M.'s mother received the petition and answered pro se. Later, the trial court held a final hearing on the name change; K.S. and his attorney appeared, but L.T.M.'s mother only appeared through her attorney of record. The trial court conferred privately with L.T.M. about his wish to change his last name. K.S. also presented evidence about L.T.M.'s reasons and desire to change his name and about why K.S. filed the petition. K.M.'s counsel cross-examined K.S. but offered no other live testimony in opposition to the petition. At the end of the hearing, the trial court found that K.S. had shown good cause for L.T.M.'s name change and that such a change was in L.T.M.'s best interest.

## II. *Standard of Review*

A trial court abuses its discretion if it rules in an arbitrary or unreasonable manner or if it rules without reference to any guiding rules or legal principles. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). A trial court's decision to change the name of a minor is guided by the child's best interest. TEX. FAM. CODE ANN. § 45.004(a)(1) (West 2014); *In re Guthrie*, 45 S.W.3d 719, 724 (Tex. App.—Dallas 2001, pet. denied); *see also In re D.A.*, 307 S.W.3d 556, 564 (Tex. App.—Dallas 2010, no pet.). A trial court abuses its discretion if it changes a child's name without sufficient evidence that the name change would be in the child's best interest. *See In re H.S.B.*, 401 S.W.3d 77, 88 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (holding that trial court abused its discretion when it changed child's name without evidence of the current name's detriment or evidence of the proposed name's benefit to the child).

III. *Analysis*

Although K.M. does not specifically identify the issues presented in her brief, we discern two issues from the arguments in her brief. K.M. asserts in her first issue that the trial court abused its discretion when it ordered that her son could change his last name. K.M. claims in her second issue that the trial court violated multiple constitutional rights when it ordered the name change. We will address K.M.'s constitutional issues first, followed by her abuse-of-discretion complaint.

> A. *K.M. waived her constitutional complaints because she failed to raise them with the trial court; she also inadequately briefed those complaints.*

On appeal, K.M. asserts constitutional claims concerning the state of L.T.M.'s custody dispute and requests both declaratory judgments and injunctions in her favor. However, K.M. never objected or raised these issues before the trial court, so she has failed to preserve them for our review. *See* TEX. R. APP. P. 33.1(a)(1); *see also Tex. Dep't of Protective & Regulatory Servs. v. Sherry*, 46 S.W.3d 857, 861 (Tex. 2001) (holding that the appellant waived his constitutional challenge in a paternity case because he failed to raise those constitutional issues during trial); *Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex. 1993) ("As a rule, a claim, including a constitutional claim, must have been asserted in the trial court in order to be raised on appeal.").

Additionally, K.M. provides no applicable case law or argument to substantiate her constitutional claims. TEX. R. APP. P. 38.1; *see Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004) (recognizing that Rule 38.1 requires appropriate citations); *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (holding that parties asserting error on appeal must put forth specific argument and analysis showing the record and the law supports their contentions). K.M.'s status as a pro se litigant does not relieve her of her duty to properly brief her claims for

appellate review. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)); *Pando v. Quinonez*, No. 11-13-00143-CV, 2014 WL 3360141, at *1 (Tex. App.—Eastland July 3, 2014, no pet.)(mem. op.). Because of her failure to raise her constitutional issues at the trial court level and her inadequate briefing, K.M. has waived those constitutional claims.

### B. The trial court did not abuse its discretion when it ordered a name change for L.T.M.

When K.S. petitioned the trial court to change L.T.M.'s last name, K.S. had to establish that the change was in the child's best interest. *See* FAM. § 45.004(a)(1). Our sister courts have reviewed several factors to determine when the child's best interest warrants a name change. *In re H.S.B.*, 401 S.W.3d at 84; *Scoggins v. Treviño*, 200 S.W.3d 832, 837 (Tex. App.—Corpus Christi 2006, no pet.); *In re M.C.F.*, 121 S.W.3d 891, 897–98 (Tex. App.—Fort Worth 2003, no pet.); *In re Guthrie*, 45 S.W.3d at 725. In three cases, *In re Guthrie*, *Scoggins*, and *In re H.S.B.*, the courts outlined several factors that should be considered. As applicable to the present case, those factors include:

1. How long had L.T.M. used his present surname and how did he identify with that surname?

2. How old is L.T.M. and what did he want his surname to be?

3. Would L.T.M.'s proposed name change adversely affect the bond between him and his parents?

4. Would L.T.M.'s proposed name change help him identify with his family or would it adversely affect the bond between him and his family?

5. Was K.S. motivated to change L.T.M.'s name to alienate L.T.M. from his mother?

4

6. Would L.T.M.'s proposed name change avoid embarrassment, inconvenience, or confusion for him or his father?

7. Would the proposed name change increase or decrease the respect L.T.M. received in the community where he lived?

8. Would the proposed name change be easier or more convenient for L.T.M.'s father, who has custody of L.T.M.?

9. Was there a delay in a request for the name change?

*See In re Guthrie*, 45 S.W.3d at 725–26; *see also In re H.S.B.*, 401 S.W.3d at 84; *Scoggins*, 200 S.W.3d at 837. With the number of factors outlined, any review of the trial court's ruling on the best interest of the child for a surname change is necessarily fact-specific. *In re Guthrie*, 45 S.W.3d at 725–26. A court may order a change to a child's name when the substantial welfare of the child requires the change. *In re M.C.F.*, 121 S.W.3d at 897.

K.S. did not present evidence on every factor in L.T.M.'s case but, instead, focused on L.T.M.'s preferences, on how K.M.'s misconduct affected L.T.M., and on the fact that K.S. was not motivated by ill will toward L.T.M.'s mother. L.T.M., who at the time of trial was a fourteen-year-old boy, had used his mother's surname for most of his life, but he no longer identified with that surname. L.T.M. wanted to change his name because of his mother's publicized accusations that K.S. physically and sexually abused L.T.M. L.T.M. was embarrassed by his mother's unsubstantiated accusations and did not want to be associated with her. L.T.M. also wanted to have the same last name of his half sibling with whom he lived—a clear indication of the desire for a stronger bond between stepbrothers and the family. Consequently, L.T.M. has gone by his father's surname whenever possible. K.S. testified that his desire for L.T.M. to change his last name was not motivated by self-interest, and the record does not reflect any evidence to the contrary. Given these

facts, the trial court did not abuse its discretion when it granted K.S.'s petition because the evidence showed that change was in L.T.M.'s best interest. We overrule K.M.'s first and second issues on appeal.

IV. <em>This Court's Ruling</em>

We affirm the order of the trial court.


MIKE WILLSON

JUSTICE


December 30, 2016

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.