# NO. 12-21-00040-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *BARNEY DONALSON, JR.,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Barney Donalson, Jr., acting pro se, filed this original proceeding to challenge Respondent's decision to conduct a hearing in person rather than remotely.[1] We deny the writ.

### BACKGROUND

According to Donalson's petition, he was charged with tampering with a government document in Van Zandt County, Texas in 2020, and Kurt M. Noell, the Real Party in Interest, was appointed to represent him. Among various allegations against Noell, Donalson alleges that Noell told him the Van Zandt County District Attorney was unwilling to reach a plea bargain agreement and the case would have to go to the jury. Donalson subsequently retained new counsel, who informed him that the District Attorney claimed Noell told her that Donalson was unwilling to negotiate and demanded a jury trial. The District Attorney later dismissed the charges.

Donalson sued Noell in Smith County for legal malpractice, including allegations of fraud, intentional infliction of emotional distress, and violations of the Deceptive Trade Practices Act. Respondent scheduled various motions to be conducted via a Zoom hearing. Noell filed a motion requesting that Donalson be required to appear in person. Noell explained that Donalson initially indicated he was homeless, later "listed a 'homestead' address which is a field next to

---

[1] Respondent is the Honorable Austin R. Jackson, Judge of the 114th District Court in Smith County, Texas.

where Donalson attempted to start what he called a 'homeless shelter,'" and more recently listed an address off Highway 43 in Henderson, Texas. Noell alleged that Donalson's different addresses amounted to an attempt to avoid civil, and potential criminal, penalties and trial court jurisdiction. In response, Donalson stated that he suffered from COVID-19 in early 2020, but is still at high risk of reinfection, and should not be required to go out into the public and travel into Smith County. He explained that he is not homeless, the address listed in his first petition is not a vacant field but is a nursing home owned by the church he is associated with, and he personally owns one room in the nursing home and has declared an intention that the room be his homestead. He receives mail at that address but cannot reside there due to needed repairs; thus, he currently resides in a church owned, remote cabin on land between Henderson and Tatum. Respondent granted Noell's motion and scheduled an in person hearing for March 31, 2021. This proceeding followed.

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both of these prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.).

## ABUSE OF DISCRETION

Donalson contends that Respondent abused his discretion by scheduling an in person hearing in violation of the Texas Supreme Court's most recent emergency order.

On March 5, 2021, the Texas Supreme Court issued its thirty-sixth emergency order regarding the COVID-19 state of disaster. That order provides, in pertinent part, as follows:

> 3. Subject only to constitutional limitations, all courts in Texas may in any case, civil or criminal—and must to avoid risk to court staff, parties, attorneys, jurors, and the public—without a participant's consent:
>
> …
>
> c. except as this Order provides otherwise, allow or require anyone involved in any hearing, deposition, or other proceeding of any kind—including but not limited to a party, attorney,

2

witness, court reporter, grand juror, or petit juror—to participate remotely, such as by teleconferencing, videoconferencing, or other means…

…

4. Courts should continue to use reasonable efforts to conduct proceedings remotely.

5. Upon request and good cause shown by a court participant other than a juror—including but not limited to a party, an attorney, a witness, or a court reporter—a court must permit the participant to participate remotely in any proceeding, subject to constitutional limitations.

…

7. A district court, statutory or constitutional county court, statutory probate court, justice court, or municipal court may conduct in-person proceedings, including both jury and non-jury proceedings, if the local administrative district judge or presiding judge of a municipal court, as applicable, adopts, in consultation with the judges in the county or municipal court buildings:

a. minimum standard health protocols for court proceedings and the public attending court proceedings that will be employed in all courtrooms and throughout all public areas of the court buildings, including masking, social distancing, or both; and

b. an in-person proceeding schedule for all judges in the county or municipal court buildings, as applicable.


Tex. Sup. Ct. Misc. Docket No. 21-9026.  Smith County's local Administrative Judge Robert Wilson consulted with the local health authority, sheriff, county judge, and members of the Smith County judiciary, to establish how to proceed:

> Until further notice, the 'minimum standard health protocols' that will govern judicial proceedings and court facilities in Smith County will include: (1) screening for high temperatures upon entry of the judicial facility (2) wearing face coverings in each courtroom and in all common areas (including bathrooms, hallways and central jury room) (3) social distancing when feasible and (4) continuing to restrict capacity in courtrooms.

Smith County News Release, Smith County Updates Health and Safety Protocols in Light of New Directives from the State (March 9, 2021).

The March 5 order states that courts *may*, without a participant's consent, allow or require anyone involved in any hearing to participate remotely.  *See* Tex. Sup. Ct. Misc. Docket No. 21-9026, at 3(c).  The court *must*, without a participant's consent, allow or require anyone involved in any hearing to participate remotely to avoid risk to court staff, parties, attorneys, jurors, and the public.  *See **id***.  In the present case, and in accordance with the Supreme Court's order, Smith County's local administrative judge adopted minimum standard

health protocols for court proceedings and the public attending court proceedings. *See* TEX. SUP. CT. MISC. DOCKET No. 21-9026, at 7; *see also* Smith County News Release. This includes temperature screenings, a face covering requirement, social distancing, and capacity restrictions. *See* Smith County News Release. Smith County's adoption of safety protocols obviates the risk to court staff, parties, attorneys, jurors, and the public contemplated by the Supreme Court's order. Accordingly, Respondent was not required to conduct the hearing remotely under Section 3 of the order.

Thus, Donalson bore the burden of requesting and showing good cause such that Respondent would be required to conduct the hearing remotely under Section 5 of the order. *See* TEX. SUP. CT. MISC. DOCKET No. 21-9026, at 5. "Good cause" constitutes a "legally sufficient reason" and is "often the burden placed on a litigant ... to show why a request should be granted or an action excused." BLACK'S LAW DICTIONARY 235 (8th ed. 2004); *In re Berryman*, No. 12-20-00210-CV, 2020 WL 6065982, at *3 (Tex. App.—Tyler Oct. 14, 2020, orig. proceeding) (op.). A trial court has discretion to determine good cause, and that determination can only be set aside if the trial court abused its discretion. *Berryman*, 2020 WL 6065982, at *3 (citing *In re M.C.F.*, 121 S.W.3d 891, 896 (Tex. App.—Fort Worth 2003, no pet.)).

As previously stated, Donalson's response to Noell's motion sets forth that he suffered from COVID-19 in early 2020 but remains at high risk of reinfection. He states that he is following CDC guidelines by living in a remote cabin. But CDC guidelines further provide methods for practicing preventative actions, such as wearing a mask, socially distancing, and avoiding crowds. *See* https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/prevention.html. These methods are covered by Smith County safety protocols. Moreover, court dockets can be located on the Smith County website, and a search for March 31 reflects that Donalson's hearing is currently the only hearing scheduled for that date in Respondent's court. *See* https://odysseypa.smith-county.com/PublicAccess. Thus, Smith County courts apparently are following the Supreme Court's order to not only implement health protocols but to schedule in person hearings in such a way as to comply with those protocols. And Donalson provided Respondent with nothing more than a conclusory statement as to why he is at high risk of reinfection and failed to address how following safety protocols would be insufficient to protect him from reinfection. Accordingly, Respondent could reasonably conclude that Donalson failed to establish good cause; thus, Respondent did not abuse his discretion by

4

rejecting Donalson's request to conduct the hearing remotely. *See* TEX. ATT'Y GEN. OP. No. KP-0322 at*2 (2020) (quoting ***State ex rel. Rosenthal v. Poe***, 98 S.W.3d 194, 199 (Tex. Crim. App. 2003)) ("Among its inherent powers, a court possesses 'broad discretion over the conduct of its proceedings' in the courtroom"); *see generally **In re Swan***, No. 12-18-00210-CV, 2018 WL 3749177, at *2 (Tex. App.—Tyler Aug. 8, 2018, orig. proceeding) (mem. op.) (because commencement of Court of Inquiry is discretionary function, relator failed to satisfy burden of demonstrating respondent violated ministerial duty).

## DISPOSITION

Because Donalson fails to show that Respondent abused his discretion by granting Noell's motion for an in person hearing, we conclude that mandamus relief is not warranted. *See **Cerberus Capital Mgmt., L.P.***, 164 S.W.3d at 382; *see also **Fitzgerald***, 429 S.W.3d at 891. We ***deny*** the petition for writ of mandamus.

Opinion delivered March 19, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# <u>ORDER</u>

**MARCH 19, 2021**

**NO. 12-21-00040-CV**

**BARNEY DONALSON, JR.,**
Relator
V.

**HON. AUSTIN R. JACKSON,**
Respondent

---

### ORIGINAL PROCEEDING

---

ON THIS DAY came to be heard the petition for writ of mandamus filed by Barney Donalson, Jr.; who is the relator in appellate cause number 12-21-00040-CV and the plaintiff in trial court cause number 21-0099-B, pending on the docket of the 114th Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on March 18, 2021, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*